No. 9679.

## BOWERS ET AL. *v.* SNYDER ET AL.

HIGHWAY.—*Petition to Change.*—A petition to change a highway need not state that such highway will be of public utility, nor need it state the length of such proposed change.

SAME.—*Vacation and Location.—Practice.*—A proceeding to change a highway requires the vacation of a portion of the highway and its location upon another line, and this may be done in the same proceeding.

From the Tippecanoe Circuit Court.

. *G. O. Behm, J. Park* and *A. O. Behm,* for appellants.

*R. P. Davidson* and *J. C. Davidson,* for appellees.

BEST, C.—This proceeding was instituted by the appellees to change a public highway. After viewers had reported favorably, the appellants remonstrated, on the ground that the change would not be of public utility. Reviewers were appointed, and reported in favor of the change, after which

the appellants filed their remonstrance for damages. This was stricken out, the change established, and the appellants appealed to the circuit court, where they refiled their remonstrance for damages. .This was stricken out by the circuit court, the cause tried, and a judgment rendered for the appellees. The cause was appealed to this court, and reversed for the error in rejecting the appellants' claim for damages. *Bowers* v. *Snyder*, 66 Ind. 340. After the cause was remanded the appellants moved to dismiss the cause, on the ground: 1st. That the petition sought the vacation of one highway and the location of another; 2d. That the petition did not aver that either would be of public utility; and, 3d. That the petition does not state the length of the highway proposed to be located. This motion was overruled, the cause tried, and judgment rendered for the appellees. The refusal of the court to dismiss the cause presents the only questions upon this appeal.

The reasons embraced in the motion to dismiss will be noticed in the order of their statement. Without copying the petition in this opinion, we will merely say that it seeks the change of a highway, and not the vacation of one and the location of another. This is authorized by the statute. The change of a highway necessarily requires the vacation of a portion of the highway and the location of such portion upon a different line, and in this sense a vacation and location are authorized in the same proceeding. In our conclusion that the petition in this case seeks nothing else, we are confirmed by the fact that the parties seem to have so treated it, and as the motion to dismiss was not made for more than four years after the proceeding was instituted, and until after the cause was reversed by this court, we think it should be so regarded. This objection can not, therefore, be sustained.

The statute does not require the petitioners to aver that the change of the proposed highway will be of public utility, and, therefore, there is nothing in the second objection.

The third is not required by the statute, and is not mentioned in appellants' brief.

For these reasons we are of opinion that there is no error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellants' costs.