No. 13,722.

## PATTON ET AL. *v.* CRESWELL ET AL.

HIGHWAY.—*Change of Location.*— *Vacation.*—*Consolidation.*—*Petitioners Required.*—A proceeding for the change of a highway is properly brought, under section 5046, R. S. 1881, merely upon the petition of the persons through whose lands it runs, even though the change involves the vacation of the highway and its consolidation with another running upon a different line, but also upon the petitioners' lands, which latter highway it is asked may be widened.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellants.
*J. D. Miller* and *F. E. Gavin,* for appellees.

MITCHELL, J.—Patton and two others presented their petition to the board of commissioners of Decatur county, in which they represented that they were the owners of certain described real estate, over and upon which there was located and established a certain highway running in a southeasterly direction, the location of which they were desirous of changing, so that it should run in an easterly direction along a section line, in a manner described in the petition. It appeared that there was an existing highway about twenty feet in width, which had been established by continuous use, over the petitioners' lands, over and along the line upon and to which the highway first described was proposed to be changed, which existing highway it was proposed to alter so as to make it thirty-five feet wide. It was represented that the public would not be materially injured by the proposed change. Viewers were duly appointed, who reported that in their opinion the proposed change would not result in material injury to the public, their report being otherwise in conformity with the statute.

There was a remonstrance presented to the board, in which

various grounds of objection were stated, and the remonstrants also moved that the petition and proceedings be dismissed, alleging for cause that the board of commissioners had no jurisdiction, because the petition was only signed by three, instead of twelve, freeholders. It is sufficient to say the board of commissioners refused to dismiss the proceedings, and, upon hearing the evidence, ordered the change to be made as prayed for in the petition. In the circuit court, to which the proceedings were taken by appeal, the remonstrants renewed their motion to dismiss the petition, while the petitioners moved to dismiss the appeal. The latter motion was overruled, the former was sustained, and the proceedings dismissed. The propriety of these several rulings is now presented on this appeal.

The proceedings were instituted under section 5046, R. S. 1881, which provides, in substance, that any person or persons through whose lands any public highway may run, may petition the board of commissioners of the proper county to change the location of the highway on their own land, or on the lands of any other person consenting thereto.

It appears that due notice of the filing of the petition had been given, besides, filing a remonstrance waived the giving of notice so far as the remonstrants were concerned. *Heagy* v. *Black,* 90 Ind. 534; *Green* v. *Elliott,* 86 Ind. 53; *Adams* v. *Harrington,* 114 Ind. 66; *Gilbert* v. *Hall,* 115 Ind. 549. There was, therefore, no defect in the jurisdiction over the persons of the remonstrants.

It is contended, however, that it appears upon the face of the petition that the purpose of the petitioners was not to procure a highway running over their land to be changed, within the meaning of sections 5046, 5047, 5048 and 5049, but to have an existing highway entirely vacated, and another highway then existing widened from twenty to thirty-five feet. Hence, it is said, in order to its validity, the proceeding must have been commenced under section 5015, R. S. 1881, which requires that a petition to locate, vacate, or

change a public highway must be signed by twelve free-holders, six of whom shall reside in the immediate neighborhood of the proposed location, vacation, or change.

We are of opinion, however, where all those over whose lands a highway runs, join in petitioning for a change, even though it appears that if the change be granted it will result in vacating the highway and in consolidating it with another, as it were, over the lands of the petitioners, the subject-matter is, nevertheless, within the jurisdiction of the board of commissioners.

What the petitioners asked for was to have a highway which passed diagonally over their lands, in a southeasterly direction, until it intersected a highway running north and south, so changed as to run directly east, from a point described, on a section line, until it intersected the same highway at a point a quarter of a mile north of the place where it was intersected by the highway proposed to be changed. This necessarily involved the vacation of that portion of the highway which ran in a southeasterly direction, and it also involved the relocation of the highway, and the widening of an existing highway, upon the petitioners' lands. It does not follow, so long as all that was to be done was on the lands of the petitioners, that the board had no jurisdiction over the subject-matter. The purpose of the statute is to provide a convenient and inexpensive method for effecting the change of a highway on the lands of any person or persons, so long as those changes do not materially injure the public. The jurisdiction of the board over the subject depends upon whether or not it appears from the petition that the proposed change affects only the lands of those who join in the petition, or who consent thereto.

As is said in *Bowers* v. *Snyder*, 88 Ind. 302, " The change of a highway necessarily requires the vacation of a portion of the highway and the location of such portion upon a different line, and in this sense a vacation and location are authorized in the same proceeding."

The fact that there was a highway of an insufficient width over the petitioners' lands at the point to which they desired to have the change made, can not affect the jurisdiction of the court over the subject-matter. It was a subject within the cognizance of the board of commissioners, under the statute, to inquire whether or not the petitioners owned the lands from and to which the proposed change was to be made, and whether or not the public would be materially injured by changing the road from the line upon which it was located so as to have it run to the same north and south road, by widening and improving another road which ran over the petitioners' lands a quarter of a mile distant at the most distant point.

The court erred in dismissing the petition. We need not determine the other questions discussed.

Judgment reversed, with costs.

Filed June 4, 1889; petition for a rehearing overruled Sept. 28, 1889.