The Chicago and Atlantic Railway Company *v.* Sutton *et al.*

Filed Feb. 26, 1892.

No. 15,481.

THE CHICAGO AND ATLANTIC RAILWAY COMPANY *v.*
SUTTON ET AL.

HIGHWAY.—*Order Establishing.*—*How Road Supervisor May Justify Under.*
—*Jurisdiction.*—A road supervisor may justify under an order of the commissioners' court establishing a highway by showing that the board had jurisdiction of the subject-matter and of the parties, and that the order was such as might lawfully be made by it in a case of that character, and it is not necessary to set out all the facts connected with the making of the order.

SAME.—*County Commissioners.*—*Jurisdiction.*—Boards of county commissioners have original and exclusive jurisdiction of the location and establishment of all highways not within the limits of municipal corporations.

SAME.—*Jurisdiction of Parties.*—*Notice.*—Jurisdiction of the parties in the matter of establishing a highway outside the limits of a municipal corporation is obtained by posting notices as prescribed by section 5015, R. S. 1881.

SAME.—Where the jurisdiction of the commissioners' court is shown, the same presumption of regularity attends all its proceedings that attaches to the proceedings of a court of general jurisdiction.

SAME.—*Petition and Notice.*—*Sufficiency of Collateral Attack.*—Where a board of county commissioners assumes jurisdiction of the establishment of a public highway, it impliedly affirms the sufficiency of the petition and notice, and its decision can not be collaterally attacked.

SAME.—*Highway of Lawful Width.*—*Presumption.*—Section 5028, R. S. 1881, provides that "No county road shall be less than thirty feet wide, and no township road shall be less than twenty-five feet wide, and the order for laying out any highway shall specify the width thereof." An order

of a commissioners' court established a highway forty feet wide up to the corporation line—twenty feet on each side of the section line being appropriated. From that point only twenty feet was appropriated for the highway by the board's order.

*Held*, in the absence of any averment to the contrary, that it will be presumed that the twenty feet so appropriated was to be in some manner supplemented by the appropriation of additional land within the corporation line, making a highway of lawful width.

JURISDICTION.—*Of Subject-Matter.*—A court has jurisdiction of the subject-matter when it has jurisdiction of the class of cases to which the particular case belongs.

From the Huntington Circuit Court.

*B. F. Ibach*, for appellant.

*O. W. Whitelock* and *S. E. Cook*, for appellees.

McBRIDE, J.—This appeal involves the validity of an order of the board of county commissioners of Huntington county, purporting to establish a highway.

The appellant was the plaintiff below, and by its complaint alleged, in substance, that it was the owner of a strip of land one hundred feet wide in said county, comprising its right of way, over which it was operating a line of railroad; that at a certain point thereon the appellees had, wrongfully and without license, entered upon said right of way, torn down the fence enclosing it for a distance of forty feet on each side, and were threatening to and, unless restrained, would cut down the grade of their track, raise and construct embankments, and establish a highway across the line of their road for the use of the public; and that such threatened acts were not only without license or consent from them, but were wrongful, and without authority of law, and, if permitted, would work them irreparable injury. Prayer for injunction.

The appellees answered jointly by general denial, and also each filed a special plea.

That filed by Sutton admits the acts charged, but seeks to justify on the ground that he was acting under and in obedience to the command of his co-defendant Emley, who was

road supervisor of the road district in which the acts complained of were done; that previously a highway had been lawfully established by the board of county commissioners of Huntington county across the appellant's right of way, and that said supervisor had given the notice prescribed by law requiring the removal of their fence within sixty days; that said fence not being removed at the end of that time, he, with others, was, by the supervisor, required to assist in its removal, and in the construction across said right of way of approaches for said highway.

Emley's separate answer also admits the doing of the acts charged, but seeks to justify on the ground that what he did was done in the legitimate exercise of his authority as road supervisor of the road district in which the acts were done, and not otherwise. The answer alleges, in substance, that he was duly elected and qualified as such supervisor, and was, when said acts were done, acting in that capacity; that on the 24th day of August, 1888, a petition for a public highway was filed with the board of county commissioners of said county by twelve freeholders of the county, six of whom were residents of the immediate vicinity of the proposed highway; that the route of the proposed highway (which is described in the answer) crossed the appellant's right of way at the point where the acts complained of were done; that there was "no other good way to locate said highway, * * * except by crossing plaintiff's right of way at that point; that notices of the hearing of said petition were posted in three public places in the neighborhood of such proposed highway on the 9th day of August, 1888; that the lands included in plaintiff's right of way were described in said petition and notices, and that the petition and notices described the line of the highway petitioned for to pass over and across plaintiff's right of way at the place described in plaintiff's complaint."

It is further averred that at the September term of the commissioners' court the board of commissioners, "after

hearing and examining said petition, notices and proofs," appointed viewers, who, after qualifying, viewed, marked out, and located said proposed highway, forty feet wide as prayed for in the petition, and made their report of the same to the board of commissioners, reporting at the same time that said proposed highway would be of public utility; that at the December term, 1888, their report was approved by the board, an order was made establishing the highway as petitioned for, and the county auditor was directed to transmit a certified copy of the proceedings to the township trustee of said township, which it is alleged was done. The final order made by the board was as follows:

" The board, after carefully examining, and being fully advised in the premises, does approve of said viewers' report, and ordered said work opened as petitioned for. And it is further ordered by the board that the auditor transmit a certified copy of said viewers' proceedings to the trustee of Huntington township."

It is further alleged that the certified copy of the order and report was delivered to the township trustee, who made a " proper record " of the highway, and ordered the appellee, as supervisor of road district No. 4, to open and improve it; that on the 23d day of January, 1889, he gave to appellant notice to remove its fences from across the line of the highway thus established within sixty days, but that at the expiration of the sixty days the fence had not been removed, whereupon, as such supervisor, he, with his co-defendant and other laborers, proceeded to " tear down the fence " of the appellant, as alleged in the complaint.

The appellant demurred to both answers, on the ground that they did not state facts sufficient to constitute a defence. The demurrers were overruled, and these rulings are assigned as error.

The appellant then, by leave of court, filed a second paragraph of complaint, setting out a full and complete transcript of the files and order-book entries in the proceeding

to establish the highway, beginning with the petition and ending with the notice by the supervisor to remove the fence referred to in the answer of Emley. This discloses the following facts in addition to those shown by the answer:

The petition asked for the location of a highway beginning at a section corner some distance due east of the southeast corner of the corporation boundary of the city of Huntington, and running thence west to the city limits, and thence continuing for some distance along the south line of the corporation. East of the city limits it was to be forty feet wide, twenty feet to be taken from each side of the section line. Appellant's right of way is on this part of the route. That portion along the south line of the city was to be but twenty feet wide, all to be taken from the land lying outside of the city limits. The notice which was posted was full, and the proof of its posting is also in proper form, and shows that it was properly posted and in due time. It is averred, however, that the appellants had no actual notice. The following is the order-book entry relating to notice: "And the board, after carefully examining and fully considering said petition, copy of notice, proof of posting, and all other papers filed herein, finds that said petition is signed by the requisite number of freeholders as required by law, and that said petition is good, and does order," etc.

The report of the viewers shows that they viewed and marked out the highway over the route, and of the width asked in the petition, and that they considered the proposed road of public utility.

The order approving the report and establishing the highway fixes its width, as indicated in the petition and viewers' report, at forty feet for a portion of the distance, and twenty feet for the remainder. It is averred in the complaint that at the point where the width of forty feet ends there is "no egress except to return as one comes in, and gives no outlet to any one, and is of no public utility whatever."

The court sustained a demurrer to this paragraph of com-

plaint, on the ground that it did not state facts sufficient to constitute a good cause of action. This ruling is also assigned as error.

The principal controversy is over the answer of Emley, and the second paragraph of complaint. It is insisted that to make the answer good a transcript of the proceeding before the commissioners should have accompanied it; that, the commissioners' court being a court of limited and special jurisdiction, action under an order made by it can only be justified by setting out all the facts connected with the making of the order, thereby showing affirmatively that the board had jurisdiction in the given case.

In this the appellant errs. The error lies in its misconception of the jurisdictional facts which are sufficient to render an order of the board of commissioners invulnerable to collateral attack.

That the officer might justify under the order, it was only necessary for him to show that the board had jurisdiction of the subject-matter and of the parties, and that the order was such an order as might lawfully be made by it in a case of that character. By jurisdiction of the subject-matter is meant jurisdiction of the class of cases to which the particular case belongs. *Yates* v. *Lansing*, 5 Johns. 282; *Jackson* v. *Smith*, 120 Ind. 520 (522); *State, ex rel.*, v. *Wolever*, 127 Ind. 306 (315).

In this case the subject-matter was the establishment of a highway outside the limits of a municipal corporation. Boards of county commissioners have original and exclusive jurisdiction of the location and establishment of all highways not within the limits of municipal corporations. The board, therefore, had jurisdiction of the subject-matter. Jurisdiction of the parties in such cases is obtained by posting notices as prescribed by section 5015, R. S. 1881.

The answer alleges the posting of the notices as required by this section. This is sufficient to show jurisdiction of the parties. The answer shows that the viewers marked out

and located the proposed highway forty feet wide, and that the board approved the report and established the highway as petitioned for. This was such an order as the board might lawfully make in a case of that character upon proper showing and proofs.

The jurisdiction of the court being shown, the same presumption of regularity attends all its proceedings that attaches to the proceedings of a court of general jurisdiction. *Board, etc.*, v. *Markle*, 46 Ind. 96 (112) ; *Jackson* v. *Smith*, *supra*, and cases there cited.

It will, therefore, be presumed in aid of the order made, that every fact necessary to its validity existed. In our opinion the answer was sufficient, and the court did not err in overruling the demurrer to it.

This brings us to the consideration of the second paragraph of complaint. Here the controversy hinges on one fact. The petition asks for the location of a highway forty feet wide for a certain distance and only twenty feet wide the remainder of the way.

The report of the viewers and the order of the board both follow and conform to this.

Section 5028, R. S. 1881, is as follows : " No county road shall be less than thirty feet wide, and no township road shall be less than twenty-five feet wide, and the order for laying out any highway shall specify the width thereof."

It is insisted that the board of county commissioners had no power to establish a highway under any circumstances which was only twenty feet in width ; that for this reason it had no jurisdiction to entertain a petition asking the establishment of a highway which, for any part of its length, was to be only twenty feet wide ; and that the proceedings were therefore void *ab initio*.

It is also insisted that the record does not show notice. So far as the question of notice is concerned, we think, aside from any finding or order by the board, the record sufficiently shows the posting of notices as required, to give the

board jurisdiction. But, even if this were not true, it has been several times decided by this court, that in such cases the board of commissioners having the power to decide, and being charged with the duty of deciding whether the petition and notice are sufficient to authorize further proceedings upon them, the assumption of jurisdiction over the subject-matter, and the taking of further action, impliedly affirms the sufficiency of both, and that the decision thus made can not be attacked collaterally. *Adams* v. *Harrington*, 114 Ind. 66; *Muncey* v. *Joest*, 74 Ind. 409; *Town of Cicero* v. *Williamson*, 91 Ind. 541; *Stoddard* v. *Johnson*, 75 Ind. 20; *Ricketts* v. *Spraker*, 77 Ind. 371.

We think the rule thus asserted, and which we fully approve, furnishes the key for the determination of the other question.

Jurisdiction does not depend upon the sufficiency or the correctness of the averments of the petition, but upon the subject-matter to which it relates. As we have already seen, the subject-matter was within the jurisdiction of the board. A defective petition for a highway, or a petition for a highway which also contains a prayer for relief partially beyond the power of the board to grant, will nevertheless as effectually invoke its jurisdiction, and clothe it with power to adjudicate upon the matter presented, as a defective complaint in the circuit court to foreclose a mortgage, or a complaint of that character, which, as a part of the relief demanded, asks an order for the imprisonment of the delinquent debtor, will invoke the jurisdiction of that court, and invest it with power to adjudicate upon the sufficiency of the complaint. The jurisdiction of the circuit court in the matter of the foreclosure of mortgages is no more complete than is the jurisdiction of the board of county commissioners in the matter of establishing highways. The board had the power to hear and pass upon the sufficiency of the petition, and its decision, whether right or wrong, can not be attacked collaterally. The power to decide implies the power to decide

wrong as well as right. *Snelson* v. *State, ex rel.,* 16 Ind. 29; *Board, etc.,* v. *Markle, supra; Jackson* v. *Smith, supra; State, ex rel.,* v. *Wolever, supra.*

Having the power to decide, it would be illogical to say that an erroneous decision ousted its jurisdiction. The right by which it may decide at all must protect against collateral attack the subsequent steps, necessarily following, or which might legitimately follow if the decision was correct. *State, ex rel.,* v. *Wolever, supra.*

By this we do not mean to affirm that every order or judgment of a court having jurisdiction of both subject-matter and parties is safe from collateral attack. On the contrary, an order or judgment, even of a court of general jurisdiction, may be void, and may be thus attacked. For instance, in the case put above, suppose the circuit court, in foreclosing the mortgage, added to its decree a judgment sentencing the debtor to the State prison for a term of years, the judgment of imprisonment would be void. It might safely be ignored, and could be attacked collaterally. The reason for this, however, would be that such a judgment would not be a mere excess of jurisdiction, but would be a usurpation of jurisdiction—an act wholly extra-judicial, and outside the law. In like manner, if the board of county commissioners should make an order establishing a highway, and should couple with it a decree assuming to vest in the public a fee in the land, instead of a mere easement, such decree would be void. We are also of the opinion that an order of a board of county commissioners assuming to establish a highway twenty feet wide and no more, if that fact is shown by the record, would be void, as it would be not only without authority, but in plain violation of the statute. Therefore, in the case at bar, notwithstanding the averments of the second paragraph of complaint show that the board had jurisdiction both of subject-matter and of parties, if it shows the making of an order in violation of the statute it is, in so far as it thus transcends the power of the board.

void, and may be collaterally attacked. How does this affect the case? Every presumption favors the validity of the action of the board. If, by any reasonable construction of the facts averred, with any reasonable presumption arising therefrom, its action can be sustained, we are bound to adopt such construction, and indulge in such presumption.

The facts pleaded show that the portion of the so-called highway in question, which is only twenty feet wide, is that part adjoining the city boundary, and on the section line. Before reaching the corporation line a strip twenty feet wide was appropriated on each side of the section line. It was, however, not in the power of the board to establish a highway within the limits of the corporation, as the statute gives to the city authorities exclusive control, and they alone can establish streets therein. *Sparling* v. *Dwenger*, 60 Ind. 72; *Tucker* v. *Conrad*, 103 Ind. 349.

We can, however, see no good reason why a board of county commissioners may not act in conjunction with the city authorities in establishing a highway along the line of such municipal corporation, each appropriating as much land as may be necessary, in connection with that appropriated by the other, to make a highway of lawful width. From anything averred in the complaint, or shown by the record, we can not say that the petition in this case was not filed, and that the order of the board was not made, in pursuance of proposed concurrent action by the adjacent corporation, or proposed concurrent dedication by the owners of the adjacent lands within the city limits, which would result in the appropriation of additional land within the corporation line, corresponding to that appropriated by order of the board up to that point. The correctness and legality of the action of the board being presumed, it is incumbent on those who assail it to overcome every presumption of legality by full and unequivocal averment. As, in our opinion, such concerted action between the board and the city authorities, or between the board and the owners of the adjacent lands

within the city limits would be a substantial compliance with the law, we will presume, in the absence of any averments to the contrary, that the twenty feet appropriated by the order of the board was to be in some legal manner supplemented, making a highway of lawful width. .

The foregoing is upon the theory assumed by the appellant, that if the order is void as to any portion of the highway attempted to be established, it is necessarily void throughout its entire length. This, however, we wish it clearly understood we do not affirm. Indeed, while we do not feel compelled to decide the question in this case, we question the right of the appellant to in this manner attack the order made, even if it was void as to that portion of the road bordering on the city. The order establishes a highway of lawful width, from the place of beginning, up to and over that part of the route which directly affects the appellant. Appellant made no resistance, did not appeal and charges no fraud. We doubt its right to maintain a collateral assault on the order because as to some other part of the route the board failed to make a valid order.

Judgment affirmed, with costs.

