No. 16,905.

.BRONNENBURG *v.* O'BRYANT ET AL.

HIGHWAY.—*Proceeding to Locate and Open.—Remonstrance.—Nature and Effect of.*—A remonstrance in a proceeding to locate and open a highway is in the nature of an answer to the petition, and raises the issue to be disposed of before the county board, and upon appeal to the circuit court.

SAME.—*Amendment of Petition.—When Properly Made.—Presumption.* —After the proceedings have been instituted, and before the question of jurisdiction is determined, it is clearly within the discretion of the board to permit an amendment of the petition, and where the contrary is not made to appear, it will be presumed that the amendment was properly made.

SAME.—*Viewers.—Appointment.—Oath.—Inference.*—Where it appears that viewers were appointed, and their report shows that they were sworn, it will be inferred that they were sworn to do the thing they were appointed to do.

SAME.—*Viewers.--Report by Two.*—A report by two viewers is sufficient.

SAME—*Locating and Opening.--Affecting Two Counties.--Damages, How Paid.*—In a proceeding to locate and open a highway in two counties, the damages declared assessed shall be paid equally by both counties.

SUPREME COURT PRACTICE.--*Evidence not in Record.—Questions Depending Upon.*—Questions depending upon the evidence can not be decided where the evidence is not in the record.

VOL. 139—2

From the Madison Circuit Court.

*W. A. Kittinger*, *L. M. Schwinn* and *E. E. Hendee*, for appellant.

*E. B. Goodykoontz* and *G. M. Ballard*, for appellees.

DAILEY, J.—This was a proceeding originally brought by petition, before the board of commissioners of Madison county, for the purpose of locating and opening a highway in the counties of Madison and Delaware. The appellant appeared before the board, and became a remonstrant, and by his attorneys filed various motions to dismiss the proceeding, and to reject the reports of the viewers and reviewers; all of said motions were overruled by the board, and a final order establishing the road was made and an award of damages to the appellant. Thereupon an appeal was taken by him to the circuit court, where the same motions were refiled, presented to and overruled by the court, trial was had, resulting in a finding for the petitioners. The road was ordered established and damages were assessed in favor of the appellant in the sum of $225. There was an order of payment, and the matter referred back to the board for further proceedings in accordance with the finding and judgment of the court. From this decision an appeal is prosecuted. There are nine specifications of error by the appellant, but we will only consider such as have been discussed by counsel, the others having been waived.

One error complained of is, "That neither the board of commissioners, nor the circuit court that tried said cause, had jurisdiction of the subject-matter of said cause."

It is clear that the law does not sustain this contention. Sections 5001 and 5002, R. S. 1881; Burns' R. S. 1894, sections 6726 and 6727, expressly confer juris-

diction upon the board of commissioners in all such matters.

Section 5027, R. S. 1881; Burns' R. S. 1894, section 6754, provides that "Any person aggrieved by any decision of any board of commissioners may appeal therefrom to the circuit court of such county, etc."

The appellant does not assign as error that the court had no jurisdiction of the persons affected, and such question is not before us for our consideration.

It is urged that the board, in order to obtain jurisdiction, should have found as a separate fact, that the twenty-four freeholders lived in Madison county, and that six of them lived in the immediate neighborhood of the proposed highway. An examination of the record discloses that the court found for the petitioners as to the public utility of the contemplated road, ordered the same opened to the width of thirty feet, and found for the remonstrant on his claim for damages, and awarded a judgment accordingly.

In our opinion, the finding and judgment cover all the issues presented in this case. The only issue tendered by the remonstrance and submitted to the court, related to the utility of the road and the question of damages. It follows, therefore, that there was a complete finding upon all matters pertinent to the issues. It is a familiar rule of law that a remonstrance is in the nature of an answer to the petition, and raises the issue to be disposed of before the county board, and upon appeal to the circuit court. *Schmied* v. *Keeney,* 72 Ind. 309.

If appellant desired to contest the question as to whether the petition was represented by the requisite number of freeholders of Madison county, it should have been presented by the remonstrance.

Another specification of error is that "the court erred in overruling the motion to dismiss all the proceedings

before the board of commissioners of Madison county.''
In support of this, appellant's counsel contend that the
board of commissioners of Delaware county, upon mo-
tion or remonstrance, had found against the petitioners.
The fact that the evidence is not in the record, furnishes
a cogent reason why the question can not arise in this
court, and, in its absence, we must indulge no presump-
tion against the regularity of the proceedings in that
county.

Complaint is made that the court erred in overruling
the motion to dismiss the petition, because it is claimed
that new names were added thereto without the consent
of the court. It seems the board permitted it to be done
and acted upon it as if it had been their order, and the
inference is that leave was granted and the new names
properly affixed.

After the proceedings had been instituted, and before
the question of jurisdiction was determined, it was clearly
within the discretion of the board to permit the amend-
ment of the petition, and there was no error in overrul-
ing the motion to dismiss.

Error is also predicated on the overruling of appel-
lant's motion to strike out the report of the reviewers, be-
cause the report shows that it was made by two of the
reviewers instead of three; and it is not shown what
they were sworn to do. It appears that they were appointed
to review the road, and the report shows that they were
sworn. In such case, the fair inference would be that
they were sworn to do the thing they were appointed to
do. The objection made is entirely too technical. It is
now well settled by this court that a report made by two
of the viewers or reviewers is sufficient. *Hays* v. *Par-
rish*, 52 Ind. 132; *Scraper* v. *Pipes*, 59 Ind. 158 (164
and 165).

The appellant's motion for a new trial, for the reason

that the verdict is not supported by sufficient evidence and is contrary to law, is not available, for the reason that the evidence is not in the record.

Another assignment of error is that the court erred in overruling the appellant's motion to modify the judgment. Under this specification, it is contended that the court ought not to have taxed the damages awarded the appellant, to be paid by both counties. We do not see how the appellant is in a position to complain of a judgment assessed against the two counties, inasmuch as all his lands are shown to be situated in Madison county, and his burdens as a taxpayer would be lessened by such order. The court was clearly right in what it did, as section 5012, R. S. 1881, provides that "the damages declared assessed shall be paid equally by the counties interested."

The appellant's motion to modify the judgment by inserting an order that the road is not to be opened until the payment of damages, possesses little merit. The court ordered the damages paid as the statute requires, and then directed the commissioners to order it opened. We perceive nothing in this order that can injure the appellant. The damages allowed must be paid before the road is opened. *Board, etc.,* v. *Small,* 61 Ind. 318.

Although the judgment is informal, it is not erroneous nor misleading in this respect.

In looking into the whole record, we perceive no error which authorizes a reversal; the judgment will, therefore, be, and it is, affirmed.

Filed Oct. 16, 1894.