### SCOFIELD *v.* MILLER ET AL.

[No. 24,299. Filed October 28, 1925.]

1. HIGHWAYS.—*On appeal to the circuit court in a highway proceeding, only such issues as were tried before the board will be considered.*—In a highway proceeding, only such issues as were tried before the board of commissioners can be tried in the circuit court on appeal. p. 637.

2. HIGHWAYS.—*Number and qualifications of petitioners not in issue on appeal to circuit court when such issue was not made or tried before the commissioners.*—On appeal to the circuit court from a proceeding to vacate a highway and establish a new one, it was not necessary that evidence should be introduced as to the number or qualifications of the petitioners where no such issue was made before the commissioners. p. 637.

3. HIGHWAYS.—*Verdict that proposed change of highway would be of public utility held sufficient for entry of judgment thereon.*—On appeal to the circuit court from a proceeding to vacate a highway and establish a new one, a verdict for the petitioners and against the remonstrator on the question of public utility and stating that the change of the road would be of public utility, was sufficiently intelligible that judgment could be pronounced thereon, and motion for a *venire de novo* was properly overruled, it not being necessary that the verdict should expressly state that the portion of the highway sought to be vacated was of "inutility." p. 638.

4. HIGHWAYS.—*Instruction that jury might consider future benefits to remonstrator's land, if such benefits would give such land a present benefit, sufficiently confined the benefits to the present time.*—In a proceeding to change a highway, an instruction that told the jury that if the proposed change would benefit the remonstrator's land in the future and that fact would give it a present added benefit, such present benefit might be set off against the value of the land taken, sufficiently confined the benefits to be considered to the present time, though instruction not approved. p. 638.

5. HIGHWAYS.—*Fact that relocated road will occupy half the width of old road for part of its length no bar to a change of highway.*—In a proceeding to relocate a highway, the mere fact that, for part of its length, the highway as relocated will occupy one-half the width of the former road would be no bar to the right of petitioners to have the road relocated, as the statute provides for exactly the same proceeding when a highway is to be "located, vacated or a change made therein." p. 639.

6. HIGHWAYS.—*Fact that petitioners for change of location of road referred to it as "vacation" of part of road and "location" twenty feet west would not deprive board of jurisdiction to change it.*—Since any change of a highway necessarily requires the vacation of a portion and the location of such road, including such portion, on a new line, the fact that the petitioners referred to the change desired as a "vacation" of the existing road and the "location" of a highway twenty feet farther west so as to occupy one-half of the old road, would not affect the jurisdiction of the board of commissioners to "change" the highway as authorized by the statute. p. 639.

From Marshall Circuit Court; *Reuben R. Carr*, Judge.

Petition by Absalom Miller and others for change of location of a highway, and Mahala Scofield remonstrated. An appeal was taken to the circuit court, where verdict and judgment were for the petitioners. From the judgment, the remonstrator appealed. [Transferred from the Appellate Court under §1, subd. 8, Acts 1925 p. 488.] *Affirmed.*

*Adam E. Wise*, for appellant.
*Harley A. Logan*, for appellees.

EWBANK, J.—Appellees, sixteen in number, filed a petition which recited that they were resident freeholders

of Marshall county, State of Indiana, six of whom resided in the neighborhood, etc., and asked that a certain highway beginning at the southwest corner of the northeast quarter of a certain section, and running north along the west margin of that quarter section a distance of eighty rods, and thence northeastwardly at an angle, to the north line thereof, which road was so located that its west line throughout the south eighty rods of its course was the center line of the section, should be vacated, and that "a public highway to take the place of the public road to be vacated" should be established on the center line between the northeast and northwest quarters of said section, extending north from the center of the section to the north line thereof, and thence east, along the north line of the section to where it intersected the old road; the net effect of which would be to move the existing road west one-half its width (twenty feet) throughout the south eighty rods of the proposed course, and relocate the center line of the highway upon the line around the west and north sides of the quarter section the remaining distance, whereas, before, the road had been wholly upon lands in the northeast quarter. The petition alleged that certain landowners would be "affected by said vacation, location and change," among whom was appellant, and concluded with a prayer for the appointment of viewers and for other proceedings "to the end that said road may be changed by vacation and location as prayed."

Appellant filed a remonstrance for the alleged reasons: (a) That the proposed vacation and location of the road would not be of public utility; and (b) that she would be damaged in a manner and amount as stated. No other issue was tried or tendered in the commissioners' court. And under the established rule that in a highway proceeding only such issues as were tried before the board of commissioners

can be tried in the circuit court on appeal, only questions presented by those issues were before the court below for decision. *Whitesell* v. *Metsker* (1918), 188 Ind. 1, 6, 119 N. E. 14. No issue having been there made or tried as to the number or qualifications of the petitioners for the proposed vacation and relocation of the highway, it was not necessary that evidence should be introduced or a finding made in relation thereto. *Bronnenburg* v. *O'Bryant* (1894), 139 Ind. 17, 19, 38 N. E. 416; *Shields* v. *Pyles* (1912), 180 Ind. 71, 77, 99 N. E. 742.

By its verdict, the jury found "for the petitioners and against the remonstrator on the question of utility, that the proposed change by vacation and location will

3. be of public utility," and fixed appellant's damages at $125. This was sufficiently intelligible that judgment could be pronounced thereon, and the motion for a *venire de novo* was properly overruled. It was not necessary for the verdict expressly to state that the portion of the highway sought to be vacated "was of inutility," as appellant seems to think. *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 678, 91 N. E. 234.

Instruction No. 5, given at the request of the petitioners, was not happily worded, and should not be used as a model. But it told the jury, in effect, that

4. if the proposed road would bring benefits to appellant's land in the future, and if that fact would give it a present added benefit, they might "consider how much at this time the benefits would be to this land by the establishment of this road," and that any benefits which they might find "will accrue and inure to the real estate owned by the remonstrator caused by the establishing and opening of the proposed highway may be set off by you against any damage resulting to her on account" of the value of the land taken. The instruction sufficiently confined the jury to a con-

sideration of present benefits given to the land "at this time," as against present damage for the value of the land taken, so that we do not feel justified in reversing the judgment, though we do not approve the instruction, and might deem it harmful if there had been evidence of large possible benefits in the future which were not shown to affect the present value of the land. *Fifer* v. *Ritter* (1902), 159 Ind. 8, 13, 14, 64 N. E. 463; *Glendenning* v. *Stahley, supra.*

The mere fact that for part of its length the highway, as relocated, will occupy one-half the width of the former road was no bar to the right of the petitioners to recover in this action. The statute provides for exactly the same proceeding when a highway is to be "located, vacated or a change made therein." §8582 *et seq.* Burns 1926, §7649 Burns 1914, ch. 167, Acts 1905 p. 521, as amended by Acts 1907 p. 443, Acts 1913 pp. 11, 679. And the petition having stated clearly and explicitly what the petitioners were asking to have done, the mere fact that they referred to it as the "vacation" of the existing road and the "location" of a highway twenty feet farther west for eighty rods of its course, so as to occupy one lateral half of the old road for that distance, as well as to relocate it on a wholly new route from there to its junction with the former road, did not affect the jurisdiction of the board of commissioners to "change" and relocate the highway over the south eighty rods, as well as the rest of the way. Any change of a highway necessarily requires the vacation of a portion and the location of such portion upon a different line, and, in this sense, a vacation and relocation of the highway between two points thereon are authorized in the same proceeding. *Bowers* v. *Snyder* (1882), 88 Ind. 302; *Patton* v. *Creswell* (1889), 120 Ind. 147, 149, 21 N. E. 663.

The judgment is affirmed.