## LEMASTERS *v*. WILLIAMS COAL COMPANY.

[No. 25,963. Filed March 9, 1934.]

Samuel E. Dillin, John B. Bilderback, and Thomas Duncan, for appellant.

Ely & Corn, for appellee.

HUGHES, J.—This is an action instituted before the board of commissioners by the appellee seeking permission to change the location of a highway which was wholly upon the land of the appellee. The petition alleged that the public would not be materially injured by said proposed change. The appellant and another appeared and remonstrated against the petition.. The remonstrance was overruled by the board and viewers were appointed who reported that the public would be materially injured by the proposed change. The appellee then filed answers to the report of the viewers creating the issue as to whether the public would be materially injured by the change proposed in the petition. A trial was then had before the board of commissioners and a finding that the public would not be materially injured by the proposed change, and granted the appellee the right to make the change and to establish the new highway. Later, upon satisfactory proof made to the board of commissioners that the new road had been opened and improved and made equally convenient for travelers, the board made an order vacating the old road. From each of these orders made by the board, the appellant appealed to the circuit court. The appeals were consolidated and tried in the circuit court as one cause, wherein the court adjudged that the

public would not be materially injured by the proposed change and re-location of the highway, and that the new highway had been opened, improved, and made equally convenient for travelers; and ordered the new highway established and the old one vacated.

The appellant filed a motion for a new trial, assigning two reasons therefor as follows: (1) The decision of the court is not sustained by sufficient evidence, and (2) the decision is contrary to law. The assignment of error is that the court erred in overruling appellant's motion for a new trial. The record does not contain any of the evidence given at the trial and for this reason the motion for a new trial, with reasons given therefor, presents no question for this court to consider. As said in Watson's Revision of Works Practice, vol. 2, §2001, p. 562, "The question whether the verdict is sustained by sufficient evidence or is contrary to law can only be determined on appeal from the evidence, together with the law applicable thereto. Therefore, in order to make either of these causes available on appeal, the record must contain all of the evidence given at the trial. Where the evidence is not in the record, the appellate tribunal will presume in favor of the verdict." *Bronnenburg* v. *O'Bryant* (1894), 139 Ind. 17, 38 N. E. 416; *Fellenger* v. *VanValzah* (1883), 95 Ind. 128; *Weaver* v. *Kennedy* (1895), 142 Ind. 440, 41 N. E. 810.

Notwithstanding the appellant has raised no question for us to consider in his motion for a new trial, there remains the question, presented by the appellant, that neither the board of commissioners nor the circuit court had jurisdiction of the subject matter of the action and for this reason all proceedings had before either the board of commissioners or the circuit court were void and of no effect.

It is fundamental that the objection that there is no

jurisdiction of the subject matter may be interposed at any time, and that such an objection needs for its exhibition neither a formal motion, nor a bill of exceptions. *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N. E. 528.

"An objection to the jurisdiction of the court over the subject matter may be interposed at any time before the final disposition of the cause and may be raised for the first time in this court, where it appears on the face of the record." *Fisher* v. *Blunhardt* (1914), 182 Ind. 603, 107 N. E. 466.

"If the circuit court had not jurisdiction of the general subject matter of the action that fact could be raised at any stage of the proceeding and in fact must be taken cognizance of by this court whether formally raised or not if apparent on the face of the record. If in such case the lower court was without power to entertain the action and decide the questions involved this court is equally without power to review the correctness of its decision of such question." *Board of Commissioners of the County of Marion* v. *Jewett* (1915), 184 Ind. 63, 110 N. E. 553.

Did the board of commissioners have jurisdiction of the subject matter in the instant case? In our judgment the question must be answered in the affirmative. It is well settled that boards of county commissioners have exclusive original jurisdiction in all matters relating to the establishment or improvement of highways of the county. *The Chicago and A. R. R. Co.* v. *Sutton* (1891), 130 Ind. 405, 30 N. E. 291; *Waugh* v. *Board* (1916), 64 Ind. App. 123, 115 N. E. 356.

By jurisdiction of the subject matter is meant jurisdiction of the class of cases to which the particular case belongs. *McCoy* v. *Able, supra; The Chicago and A. R. R. Co.* v. *Sutton, supra; Waugh* v. *Board, supra.*

The section of the statute under which the petition of appellee is based is as follows: §8596, Burns 1926 (§36-215, Burns 1933, §8772, Baldwin's 1934). "Any person through whose lands any highway heretofore located and established, or hereafter to be located and established may run, may petition the Board of Commissioners of the proper county for permission to change the location of such highway on his land, or on the lands of any other person consenting thereto. Every such petitioner shall give notice of his intention to file such petition by posting written or printed notice thereof, in three or more public places in the vicinity of such proposed change, for twenty days before the first day of the term of the board at which such petition is to be presented." Section 8597, Burns 1926, §36-216, Burns 1933, §8773, Baldwin's 1934, provides for the appointment of viewers and their duties and section 8598, Burns 1926, §36-217, Burns 1933, §8774, Baldwin's 1934, provides as follows: "Upon the filing of such report (viewers report), and before action thereon, if the report be favorable to such change, any freeholder may file his remonstrance against the same, stating therein the reasons why such change ought not to be made, and an issue may be made therein; and if the report of the viewers be unfavorable to such change, the petitioner may make an issue thereon, and any such issue shall be tried before the Board of Commissioners, as other issues of fact are tried; and if, upon the report of the viewers, or upon any issue tried as above, the board shall be of opinion that the public will not be materially injured by such proposed change, it shall make an order granting permission to the petitioner to make such change, and upon satisfactory proof, then or thereafter, that the new road has been opened and improved, and made equally convenient for travelers, the board shall make an order vacating so much of the former highway

as lies between the different points of the intersection."

It appears from the petition and viewers' report that the old highway in question ran north from a highway, known as the New Liberty Highway, to on or about the north line of the south half of the south east quarter section 25, and the new highway, as located, runs east from the north end of the old highway and intersects a highway running north and south.

It is the contention of appellant that the petition, upon its face, shows that the board of commissioners had no jurisdiction under §8596, *supra*, upon the petition of the owner of the land, over which both the old and the new road passes, to vacate the existing highway described in the petition; that the petition shows, upon its face, that it did not invoke the power of the board to vacate "so much of the former highway as lies between the different points of intersection," but on the contrary, the petition shows that the petitioner asks to vacate an existing highway and to establish a new highway between which there were no different points of intersection. Appellant further contends that the petition of appellee calls for power conferred upon the board of commissioners under §8582, Burns 1926, §36-201, Burns 1933, §8756, Baldwin's 1934, and can only be invoked by the filing of a petition signed by twelve freeholders of the county, six of whom reside in the immediate neighborhood of the highway proposed to be located, changed or vacated.

It is seen that the latter part of §8598, *supra*, provides that, "if upon the report of the viewers, or upon any issue tried as above, the board shall be of opinion that the public will not be materially injured by such proposed change, it shall make an order granting permission of the petitioner to make such change, and upon satisfactory proof, thereof thereafter, that the new road has been opened and improved, and made

equally convenient for travelers, the board shall make an order vacating so much of the former highway *as lies between the different points of intersection."*

We can not assent to the construction placed upon the sentence, "the board shall make an order vacating so much of the former highway as lies between the different points of intersection" by the appellant. Such a construction is too narrow and technical. The allegations of the petition come squarely within §8596, *supra,* and certainly sufficient to invoke the jurisdiction of the board of commissioners. All that the section required was done by the appellee and his rights under the section should not be taken away by the narrow construction contended for by appellant.

It is probably true that, in a great number of cases, where there is a change of location of a highway wholly upon the land of one owner there would be different points of intersection with the new and the old highway and so much of the former highway as would lie between the points of intersection would be vacated. This fact alone however, would certainly not take away the jurisdiction invoked under §8596, *supra.* It must be conceded that the very purpose of changing the location of a highway on land owned by one person is for the purpose of vacating the old highway so that the land may be put to better use and more convenient for the land owner, providing that the new road is equally convenient for the traveling public. If the old highway were not vacated, then the owner would have two highways instead of one upon his land. Moreover, if the old highway were not to be vacated regardless of the fact of intersecting points, then a petition, such as in the instant case, under §8596, *supra,* would be calling for the building of a new highway under §8582, *supra,* and evidently the legislature did not contemplate any such construction when the act was passed.

In the instant case, the subject matter was to obtain a change of a public highway on the owner's own land and we are clearly of the opinion that the petition here involved gave the board of commissioners jurisdiction of the subject matter.

We are not without authority to sustain our conclusion in this case. The case of *Patton* v. *Creswell* (1889), 120 Ind. 147, 21 N. E. 663, presents, for all practical purposes, the questions presented in the instant case and they were decided adversely to the contention of the appellant herein.

Judgment affirmed.