HUNSUCKER ET AL. *v.* MONTEL ET AL.

[No. 24,775. Filed December 14, 1926.]

1. DRAINS.—The modes of procedure and rules of practice in civil actions may be resorted to in drainage proceedings to supply omissions where no provision is made in the drainage act. p. 560.

2. DRAINS.—*Vacation appeal may be taken from dismissal of drainage petition.*—Since there is no provision of the drainage law governing appeals from an order dismissing a drainage petition, the provisions of the Civil Code apply, and a vacation appeal may be taken under §700 Burns 1926 by the service of a notice in writing on the adverse party or his attorney and also on the clerk of the court as in ordinary civil actions. p. 561.

3. DRAINS.—*Motion to dismiss petition for drain because it did not describe two-thirds or more of lands to be affected held erroneously sustained because not filed in time.*—Under §3 of the drainage law (§6169 Burns 1926, §6142 Burns' Supp. 1921), all objections to a petition for drainage must be made within ten days from the day of docketing, exclusive of Sundays, from which it follows that an objection that the petition did not describe two-thirds or more in area of all lands that will be affected by the proposed drain, as required by §2½ of the act of 1919 concerning drainage (Acts 1919 p. 492, §6168 Burns 1926, §6141f Burns' Supp. 1921), which was not made until more than a year after the petition was filed was waived, and a motion to dismiss the petition for that defect should have been overruled. p. 562.

From Jackson Circuit Court; *John Clerkin,* Special Judge.

Petition by John E. Hunsucker and others for the construction of a drain. From a judgment ordering the dismissal of the petition on the motion of Lucinda Montel and others, the petitioners appeal. *Reversed.*

*Thomas H. Branaman,* for appellants.

*O. O. Swails, J. Ross Robertson* and *Shea & Hottel,* for appellees.

ON MOTION TO DISMISS.

PER CURIAM.—Appellants filed a petition for the construction of a drain, and such proceedings were had thereon that the matter was referred to drainage commissioners, who reported in favor of constructing the proposed improvement, laid it out, and reported assessments of benefits and damages against lands which they reported were affected. Thereupon, appellees moved to dismiss the drainage proceeding for reasons not covered by any express provision of the statute on the subject of dismissal, but which the trial court deemed sufficient. The motion to dismiss was sustained on May 15, 1924, and the court entered a judgment "that the petition and cause of action herein be and the same is hereby dis-

missed," which action is complained of as being erroneous. Appellants did not file an appeal bond within thirty days, nor the transcript within sixty days after they did get an appeal bond on file, as would be required in case of an appeal from an order "approving and confirming the assessments and declaring the proposed work of drainage established," if the judgment had been in favor of the petitioners. §6174 Burns 1926, Acts 1917 p. 296. Neither did they comply with §698 Burns 1926, (Acts 1917 p. 71) of the civil code, which authorizes appeals in term to be taken in certain cases without the service of notice. But, on August 23 and 24, 1924, they served notice on appellees and the clerk of the court that they thereby appealed from said judgment to the Supreme Court, which notices complied with the provisions of §700 Burns 1926 (§640 R. S. 1881), and on August 27, 1924, they filed with the clerk of the Supreme Court a transcript of the proceedings in the trial court, together with said notices and proofs of service, and an assignment of the errors relied on. This was only 104 days after the rendition of the judgment, and was well within the time allowed for taking an appeal in an ordinary civil action, though after the expiration of the time allowed for appealing from a judgment establishing a work of drainage and ordering its construction, as above stated.

Appellees have filed a motion to dismiss this appeal, which presents for determination the question whether or not an appeal in a drainage case from the dismissal of a drainage petition after the matter has been referred to drainage commissioners, and such commissioners have reported that the proposed work will be of public utility, and have laid out the proposed ditch and made assessments of benefits and damages, may be taken under the general statute regulating procedure in civil actions. The special statute only provides (our

italics) that "the order of the court *approving and confirming the assessments,* and *declaring the proposed work of drainage established* shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within 30 days. * * * A transcript * * * shall be filed * * * within 60 days after filing the appeal bond." But it contains no special provisions with relation to taking an appeal from a judgment that does not establish the proposed work of drainage and approve and confirm the assessments. And it is obvious that a dismissal of the petition and proceeding does not "confirm the assessments" nor "establish the proposed work," although making final disposition of the cause.

Appellees insist that the silence of the act concerning drainage as to the manner of appealing from an order of dismissal operates to deny the right of appeal. But the modes of procedure and rules of practice in civil actions prescribed by the Civil Code, when applicable, may be resorted to in special proceedings, to supply omissions, where no provision is made in the act governing the special proceedings. *Shields* v. *Pyles* (1921), 180 Ind. 71, 78, 99 N. E. 742; *Sowers* v. *Cincinnati, etc., R. Co.* (1904), 162 Ind. 676, 683, 71 N. E. 134; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 155, 95 N. E. 569.

At the same session at which the section of the statute relating to procedure in drainage matters (§6174, *supra*) was last amended, the legislature passed a supplemental act, the last section of which provides as follows: "The rules of practice and procedure, the taxation of costs, the method of collecting assessments and of disbursing funds and all other matters and things pertaining to the said assessments contained in the drainage act heretofore referred to and amendments thereto and acts supplemental thereof shall, so far as

applicable, apply to the proceedings herein, and *resort shall be made to the general code for any deficiencies in such procedure.* This act shall not be construed as repealing or modifying any of the provisions of the drainage act or any acts amendatory thereof or supplemental thereto, but shall be deemed and taken as supplemental thereof." §6181 Burns 1926, Acts (Spec. Sess.) 1920 p. 65.

We think it clear that "In the absence of any provision of the drainage act to the contrary, we may properly resort to the general procedure provided for the government of the courts wherein such jurisdiction is vested." *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 581, 85 N. E. 1.

The Civil Code provides that "appeals may be taken from the circuit courts and superior courts to the Supreme Court from all final judgments," with 2. certain enumerated exceptions not material to the appeal in this case. §695 Burns 1926, §632 R. S. 1881. It further provides that "after the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court" (§700 Burns 1926, §640 R. S. 1881), and by procuring and filing a transcript with an assignment of errors entered thereon (§719 Burns 1926, §655 R. S. 1881), within 180 days from the time the judgment was rendered (§696 Burns 1926, Acts 1913 p. 65, §2), substantially as is shown to have been done by the appellants in this case. We think this statute applies to an appeal in a drainage proceeding not covered by the provisions of the drainage act, and that the motion to dismiss the appeal should be overruled.

Appellees' motion to dismiss the appeal is overruled.

Filed January 16, 1925.

## ON THE MERITS.

GEMMILL, C. J.—Appellants, as petitioners, filed in the office of the clerk of the Jackson Circuit Court, their amended petition praying for the establishment of a public drain, on March 7, 1923. The petition was docketed and on May 17, 1923, was referred to drainage commissioners. Thereafter, on November 6, 1923, the drainage commissioners filed their report, and December 17, 1923, was the day fixed for hearing of same. On May 14, 1924, Lucinda Montel, one of the appellees, who was a party to the amended petition and who was also a remonstrator, filed a motion to dismiss said cause for the reason that the petition therein did not describe an amount equal to two-thirds or more in area of all the lands which would be affected by the drainage proposed, as set forth in the report of the viewers and commissioners on file in said cause. This motion was sustained and the petition and cause of action were dismissed.

On appeal, the appellants assign as error that the court erred in sustaining the motion of appellee, Lucinda Montel, to dismiss the petition of appellants (petitioners) in said cause, and in dismissing the petition and cause of action of appellants (petitioners).

This motion was based on Acts 1919 p. 492, §2½ (§6142f Burns' Supp. 1921) as follows: "That all petitions for drains hereafter filed shall describe an amount equal to two-thirds, or more, in area, of all the lands which will be affected." The act containing said section was cumulative and supplemental to existing drainage laws.

When the amended petition was filed and when same was referred to the drainage commissioners, the drainage laws provided that all objections to the form of the petition should be filed within ten days, exclusive of Sunday and the day for docketing

such action, after such docketing; and that all objections to the petition not made within ten days should be deemed waived. Acts (Spec. Sess.) 1920 p. 108, §1, §6142 Burns' Supp. 1921. On May 17, 1923, at the time the amended petition was referred to the drainage commissioners, in its order, the court said: "It is further considered and adjudged that said amended petition filed herein is in all respects sufficient and proper." The motion objecting to the petition and asking that the cause be dismissed was not filed within the time fixed by statute therefor, and same should not have been sustained.

The judgment is reversed, with directions to reinstate the cause, and to overrule the said motion of Lucinda Montel.