STROUP ET AL. *v.* FERGUSON, TRUSTEE, ET AL.

[No. 24,431. Filed June 7, 1928.]

140

*Kemp, Kemp & Russell* and *Thomas M. Ryan*, for appellants.

*J. F. Pyke*, for appellees.

TRAVIS, J.—This is a proceeding to repair a public drain, theretofore ordered established and constructed by the same court that made the judgment from which this appeal is taken. §6196 Burns 1926, Acts 1919 p. 426.

Addressed to the petition for the drainage, appellant Stroup filed his plea in abatement, praying that the petition for drainage be dismissed because the court did not have jurisdiction of the cause, for the reason that the report of the commissioners described 10,318.03 acres of land that would be affected by the drainage, but that the petition stated that the improvement could not be accomplished without affecting other lands than the lands owned by petitioners, and that at least two-thirds of all lands that will be affected by the proposed im-

provement, together with the names of the owners of such lands, are stated in the petition, all of which described lands named in the petition amount to 5,616.23 acres. It is pleaded that the foregoing facts show that the petition does not comply with §2½ of ch. 97, Acts 1919 (§6168 Burns 1926) which it was necessary for the petition to do, to give jurisdiction of the proceeding to the court. Appellees' demurrer to the plea in abatement was sustained by the court.

Appellant Stroup and his coappellants filed their motion to strike and expunge from the record the report of the drainage commissioners, for the reason that the parties did not have a hearing before the court to determine whether or not repair of the drain, as asked by the petition, should be ordered by the court, and that the court made no order or decree that the work should be accomplished as prayed for in the petition. But that twenty days after the petition had been docketed the court made its finding that the petition was sufficient, and then referred the matter to the drainage commissioners. To this motion appellees filed their motion to strike from the record the motion of appellants, for the reason that appellants' motion was not filed within ten days from the date of the filing of the report of the drainage commissioners, nor within ten days after notice was served on the parties who filed the motion; and that in this proceeding no adjudication other than to find that the petition was sufficient was necessary; and that no objection, remonstrance, or demurrer had been made by any party to the petition for the proposed improvement, within the time required by law. The court sustained appellees' motion to strike appellants' motion from the record. The appellants refused to plead further, and the court adjudged that the report of the commissioners, and the assessments as modified, be approved, and that the drain be established and ordered constructed.

All appellants, save Stroup, were named in the petition as landowners who would be affected by the improvement. Stroup was named in the proceeding first in the report of the drainage commissioners, and his lands described and assessed for benefits, and notice was served upon him. After the ten days provided by law (Acts 1907, ch. 252, §4, §6174 Burns 1926) within which to remonstrate against the commissioners' report, the two pleadings named before were filed by appellants.

It will be seen that the petition for the improvement was so constructed that it came within the limitation of Acts 1919, ch. 97, §2½, §6168 Burns 1926, by an allegation that therein was described an amount equal to two-thirds, or more, in area, of all the lands which would be affected by the proposed improvement. No attack was made upon the petition within the time prescribed by law before it was ordered docketed.

The parties aggrieved had ten days, exclusive of Sunday and the day for docketing, to file with the court any demurrer, remonstrance, or objection they may have had to the form of the petition; and all objections to the petition not made within said ten days, shall be deemed waived. §3, as amended, ch. 34, Acts 1920, §6142 Burns' Supp. 1921.

The petition was sufficient to vest the court with jurisdiction of the subject-matter of the action. *Hunsucker* v. *Montel* (1926), 198 Ind. 557, 154 N. E. 389. See *In re Gilbert* (1924), 195 Ind. 278, 144 N. E. 551; *Pittsburgh, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885. Sustaining appellees' demurrer to appellants' plea in abatement was not erroneous.

Appellant predicates error upon the alleged action of the court overruling appellants' motion to strike out the commissioners' report. The court made no such ruling as complained of by this assigned error. What the court did was to sustain appellees' mo-

tion to strike out appellants' motion to strike out and expunge from the record the report of the drainage commissioners. This, appellants' second alleged assigned error, does not present a ruling of the court. If the ruling of the court had been presented by an assignment of error, the contention of appellant would have been groundless. The motion was not filed within the time provided by law to question the sufficiency of the report of the drainage commissioners. If such report was not according to law, the attack upon it should have been by remonstrance, filed within the time provided by law. *In re Gilbert, supra.*

Judgment affirmed.