BAKELANDT ET AL. *v*. DE BAETS ET AL.

[No. 28,215.   Filed February 27, 1947.]

*Orie Parker*, of South Bend, for appellants.

*L. M. Hammerschmidt, Milton A. Johnson* and *Joseph G. Ettl*, all of South Bend, for appellees.

O'MALLEY, J.—The appellees filed a petition for the reconstruction of a drain in St. Joseph County, Indiana, and after notice was given, the petition was docketed, the viewers were appointed and a report, favorable to the petitioners, was made. Later the county surveyor filed his report and within the period allowed by law, the appellants appeared and remonstrated on the following points:

1. That the assessment was exorbitant;

2. That the cost would exceed the benefits;

3. That it would not improve public health; that it would not benefit public highways; nor would it be of public utility;

4. That the water table was too low at that time and that the reconstruction and repair thereof would further lower it.

The appellants raised a great number of questions which were based upon the above reasons of the remonstrance; upon the claimed insufficiency of the evidence to sustain the finding; upon the sustaining and overruling of motions to strike out various pleadings; and upon the admittance and exclusion of evidence. We believe all raised questions can be grouped into five categories and we shall endeavor to so treat them.

1. After the hearing on the remonstrance, the appellants for the first time asserted that the original notice was defective and that the court lacked jurisdiction of the subject-matter and of the appellants. Having appeared, filed the remonstrance, and having vigorously opposed the engineer's report on the grounds set forth in the remonstrance, it was too late to question the jurisdiction of the person of appellants. *Drinkwatter* v. *Eikenberry* (1946), *ante*, p. 84, 64 N. E. (2d) 399. It was not seriously contended that the court did not have jurisdiction of the subject-matter. The statute under which this proceeding was commenced was sufficient to give the lower court jurisdiction of the subject matter. § 27-120, Burns' 1933 (Supp.).

2. The statute, § 27-114, Burns' 1933 (Supp.), grants 10 days from the filing of the report of the surveyor for the filing of objections and remonstrances, and all causes not asserted within the 10 day period, are waived. *Stroup* v. *Ferguson, Trustee* (1928), 200 Ind. 139, 161 N. E. 628. The remonstrance did not assert that the report was not according to law and therefore that cause was waived.

The motions to bring in new parties and to strike the surveyor's report, which were filed by the remonstrators, were both claims that the report was not according

to law and but another way of remonstrating, and not having been asserted within the period given in the statute, could not thereafter be claimed. *Keiser* v. *Mills* (1904), 162 Ind. 366, 371, 69 N. E. 142, 144.

3. It is claimed in the argument, and under propositions, points and authorities, that the finding was not supported by the evidence and that it was contrary to law. At no place in the brief of the appellants has a showing been made that there was no evidence to support the finding or any part thereof. We do not believe that the bare statement that it was not supported by the evidence, without showing any connection or lack of connection between the finding and the evidence, can be taken as an established fact, and with that as a basis reverse a judgment. The evidence on many points is in conflict and presented a question of fact for the determination of the court. The court made a complete finding on each fact essential to the maintenance and sufficiency of the proceeding, and being confronted with nothing but a bare claim of insufficiency, we must hold that the finding is supported by the evidence.

4. The fourth reason of the remonstrance, which asserted that the reconstruction of the drain would lower the water table, was beyond and outside the stated reasons for remonstrances fixed by statute, and so was properly stricken therefrom on motion of the appellees.

5. It is also claimed that there was error in the submission and exclusion of evidence. This is covered in the motion for a new trial under numbers 13 to 54 of the causes set forth in the motion. In the brief all of the above causes are grouped under one proposition. The same question could not possibly be

common to all of them. It must be expected that we should sort the questions involved and assign to each the appropriate point and authority. This we are not required to do. *Appelby* v. *State* (1943), 221 Ind. 544, 557, 48 N. E. (2d) 646, 49 N. E. (2d) 533, 535; *Baltimore & O. R. Co.* v. *Pertics* (1943), 112 Ind. App. 674, 677, 46 N. E. (2d) 251, 252.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 71 N. E. (2d) 473.