MYERS ET AL. *v.* SELL ET AL.

[No. 28,366. Filed November 9, 1948. Rehearing denied December 8, 1948.]

*E. M. LaRue,* of Rensselaer, *Ralph Bower* and *J. Edward Barce,* both of Kentland, and *Thomas F. O'Mara* of Terre Haute, attorneys for appellants.

*George F. Sammons,* of Kentland, and *Cope J. Hanley,* of Rensselaer, attorneys for appellees.

YOUNG, C. J.—This is an appeal from the same decree which was involved in the original action in this court entitled *State of Indiana* v. *Roberts, as Special Judge of the Newton Circuit Court.* Opinion and mandate in that case is reported in 226 Ind. 106, 76 N. E. 2d 832, and reference may be made to the opinion in that case for recital of facts and record not stated here. In that action the State sought a writ of prohibition to stop further proceedings in the drainage project involved in the case before us as against the State Highway Commission of Indiana and to prohibit the respondents in said action from carrying out that part of the decree in said proceedings which requires the construction of a new bridge at the cost of the State Highway Commission of Indiana at the point where the drain involved crosses State Highway No. 41. We declined to interfere with the execution of the decree in the cause before us, except that part thereof which orders the State Highway Commission to build a bridge on Highway 41 over the ditch or drain authorized by said decree.

Many of the questions of law presented and contentions made in the case before us were presented and made in the original action referred to and decided therein, and we feel disposed to follow in the matter before us the conclusions reached in our opinion in that case.

The appellants have filed with us an assignment which sets up 27 errors alleged to have been committed by the trial court. Some of these have been waived by failure to present them in the propositions, points and authorities set out in the brief. It is not urged in the brief that there is no evidence to show that the alteration and repair of the ditch will be of public utility, nor to sustain the assess-

ments made, nor that the benefits do not exceed the cost, not including the cost of the bridge. Those presented boil down to only a few fundamental questions. The principal question which is presented by the brief is that the court had no jurisdiction over the State of Indiana, and that the State of Indiana was a necessary party, and that therefore the court was without jurisdiction of the action. We considered this proposition in our opinion in *State* v. *Roberts, ante,* and upon the authority of that case and for the reasons therein stated we hold that the court had jurisdiction of the drainage proceeding involved in the matter before us.

The statute under which the proceeding here involved was brought reads in part as follows:

"(a)    The owner or owners of five (5) per cent in acreage of the land affected by and assessed for the construction of any public drain under any law of this state shall have the right to file a petition and therein allege:

"(1)    That such public drain, or any part thereof, being out of repair, is not sufficient to properly perform the drainage for which it was designed and intended, and may be more economically repaired, by tiling and covering, or by increasing the size of the tile and changing the course, or extending the length thereof, or by removing the tile and converting the drain into an open ditch, or by changing the course, deepening, widening or extending the length of an open drain, or by making any other change therein which would be of public utility; or

".    .    .

"(b)    No petition filed in conformity with the provisions of paragraph (1) of subsection (a) of this section shall contemplate the increasing of the tile, the average deepening and widening or the extension more than ten (10) per cent of the original plans and specifications."    (§ 27-120, Burns' 1948 Repl.)

Appellants assert that the ditch here involved was originally an open ditch; that later this open ditch was converted into a tile ditch, and that this converted tile ditch is now sought to be reconverted into an open ditch. They contend that the foregoing statute requires that there be an allegation in the petition filed herein that the new open ditch will not increase the average depth and width or length of the original open ditch more than 10 per cent of the original plans and specifications therefor, and that without such an allegation the court was without jurisdiction to proceed.

It has been decided many times by this court that jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings then before the court belong. *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *Chicago, etc. R. Co.* v. *Sutton* (1892), 130 Ind. 405, 410, 412, 30 N. E. 291; *Gold* v. *Pittsburgh, etc. R. Co.* (1899), 153 Ind. 232, 241, 53 N. E. 285; *Lemasters* v. *Williams Coal Co.* (1933), 206 Ind. 369, 372, 189 N. E. 414; 2 Ewbank's *Manual of Practice*, § 136, p. 290.

The statute quoted earlier in this opinion, gives the court general jurisdiction in the matter of repairing and altering ditches and the subject matter of this case clearly belongs in that general class. The filing of the petition invoked the jurisdiction of the court to decide all questions involved in such a proceeding. *Cauldwell* v. *Curry* (1883), 93 Ind. 363. In the case last cited an injunction had been sought to restrain the collection of a ditch assessment and certain errors and irregularities were pointed out which it was claimed deprived the board of commissioners of jurisdiction, thus permitting a collateral

attack by injunction. Judge Elliott held otherwise and in the course of the opinion, on page 364, said:

> "The filing of the proper petition invokes the jurisdiction of the board of commissioners in the matter of the particular ditch therein described, and the statute invests the board with general jurisdiction of the subject-matter of ditches (citing cases)."

In *Chicago, etc. R. Co.* v. *Sutton, supra,* the appeal involved the validity of the order of the board of county commissioners of Huntington County which purported to establish a highway. The statute provided that no county road should be less than 30 feet wide. The petition involved asked for the establishment of a highway, part of which was to be only 20 feet wide. It was contended that because of this the court was without jurisdiction and the proceedings were void. This court held that the fact that the petition showed that the road in part was to be narrower than the statute contemplated did not deprive the board of jurisdiction. The court held that the general subject-matter was within the jurisdiction of the board and said, on page 412:

> "Jurisdiction does not depend upon the sufficiency or the correctness of the averments of the petition, but upon the subject-matter to which it relates. As we have already seen, the subject-matter was within the jurisdiction of the board. . . ."

This case is very closely analogous to the case before us, and the quoted language answers specifically the contention of appellants which we are discussing.

If the evidence showed an increase of the average width and depth or length of the ditch by more than

10 per cent we would have a different question. It would be error for the court to order such a change but we do not believe that such an allegation in the petition is jurisdictional. *Drinkwater* v. *Eikenberry* (1945), 224 Ind. 84, 89, 64 N. E. 2d 399. We do not have to go as far as we went in the Drinkwater case. In the Drinkwater case there was an affirmative showing that the new ditch exceeded the old in length by more than 10 per cent, whereas in the present case it does not appear either in the petition or in the evidence that there was or was not any excess in the average width and depth or length of the new ditch and hence no showing of the fact which appellant contends would deprive the court of jurisdiction. There was no remonstrance or other objection to the petition on this account, and in the absence of such remonstrance or other objection on this ground appellants waived this omission from the petition, and the court had a right to proceed upon the allegations of the petition and would not assume a violation of the statute.

By failure of appellants to remonstrate or object to the petition because it did not affirmatively allege that the size of the original ditch had not been increased by 10 per cent, they waived such objection to the petition. The statute for the alteration and repair of drains (§ 27-120, Burns' 1948 Repl.) under which this action was brought, provides that the form and content of the petition shall so far as applicable conform to the petition provided for in another section of the same act, relative to original petitions for the construction of drains, and that the provisions of the act relative to objections thereto shall likewise conform to the corresponding provision in the act with reference to original petitions. That part

of the act, with reference to original petitions, provides that persons named in the petition as the owner of lands shall have 10 days within which to file demurrer, remonstrance or objection thereto, § 27-107, Burns' 1948 Repl., and likewise provides that all objections to the petition not made within 10 days shall be deemed waived. § 27-109, Burns' 1948 Repl.; see also *Stroup* v. *Ferguson* (1928), 200 Ind. 139, 161 N. E. 628; *Hunsucker* v. *Montel* (1926), 198 Ind. 557, 146 N. E. 110.

Appellants also contend that the construction of a bridge across the drain here involved on State Highway 41 is an essential part of the project, and that the court having no jurisdiction to order such construction, the entire subject matter is beyond its jurisdiction. We do not view the building of the bridge as an essential part of the drainage project. We indicated this in *State* v. *Roberts, supra.* Whether or not a bridge is built across this drain will have nothing to do with the utility or efficiency of the drain. Without the bridge the drain will function exactly as it would with the bridge. The bridge is important only as a part of the state highway system and, as pointed out in *State* v. *Roberts, supra,* bridges are integral parts of our state highway system and the duty of building same, when needed, is upon the State Highway Commission. The cost of same is a part of the cost of maintaining our highway system and not a part of the cost of constructing a drain which happens to intersect a state highway which is used not only by the few people concerned with the drain but by the people of the state at large and often by the people of the country at large. If the law were such that a court, to which the legislature has entrusted ditch proceedings, must first have leave from the State Highway

Commission to order a ditch which must cross a state highway the result reasonably might be to defeat many ditches badly needed, and if the cost of such bridges were to be imposed upon the cost of the ditch the cost might become prohibitive and many ditches badly needed might be rendered impossible of attainment.

Appellants also urge that a state highway cannot be disturbed or torn up in the construction of a ditch without the consent of the State Highway Commission. This contention was before us in *State* v. *Roberts, supra,* and in that case, upon the authority of *State* v. *Douglas* (1924), 196 Ind. 207, 210, 144 N. E. 548, 550, and other cases, we held that in ditch proceedings courts have jurisdiction to order ditches and drains across state highways without the consent of the State Highway Commission, and in that we have not changed our opinion.

The appellants also present by their brief the proposition that the decision of the court was contrary to law because the decree appealed from contained an order that the State Highway Commission construct a bridge and pay for same at the point where said ditch crosses Highway 41, upon the ground that the court was without jurisdiction or authority to make such an order. This same question was presented to us in *State* v. *Roberts, supra,* and upon the authority of that opinion and for the reasons stated therein we hold that the part of the decree requiring the State Highway Commission to construct and pay for a bridge at the point of intersection of said ditch and Highway 41 was beyond the power of the court, and, in making said order, the court erred.

"It is not always necessary, when the court determines that error has occurred, necessitating a reversal,

that the entire judgment be reversed. Erroneous portions of a judgment, which are distinct from and independent of the other portions, may be reversed without disturbing the judgment as a whole." 3 Am. Jur., App. and Err., § 1190, p. 697. And we have a statute which specifically provides that the Supreme Court may reverse a judgment in whole or in part. § 2-3233, Burns' 1946 Repl., *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 481, 482, 103 N. E. 110. We also have a statute, § 2-3234, Burns' 1946 Repl., which provides that when the judgment in a case is reversed, in whole or in part, the Supreme Court, if no new trial is required, shall remand the cause to the court below with particular instructions relative to the judgment and all modifications thereof. We have already in *State* v. *Roberts, supra,* prohibited the trial court from enforcing that part of the decree appealed from which orders the State Highway Commission to build a bridge on State Highway 41 over the ditch or drain established in the case before us. In order that our action in this case and in *State* v. *Roberts, Special Judge, supra,* may be consistent the decree should be reversed as to this part thereof. As to the remaining part thereof we think it should be affirmed.

It is so ordered and the case is remanded to the court below with instructions to eliminate from the decree the erroneous provision above pointed out and to recast the decree in accordance with this opinion.

Gilkison and Emmert, J. J. dissent.

NOTE.—Reported in 81 N. E. 2d 846.

## DISSENTING OPINION.

EMMERT, J.—The petitioner never acquired jurisdiction over the State of Indiana in the ditch proceed-

ings. As far as the state was concerned, the entire proceedings ignored the plain provisions of § 24 of Article 4 of the Constitution of Indiana which provides: "Provision may be made, by general law, for bringing suit against the State, as to all liabilities originating after the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed." See dissenting opinion in *State* v. *Roberts et al., ante,* p. 106, 78 N. E. 2d 440.

"Drainage proceedings are wholly statutory, and questions as to the authority of the court in constructing a new drain, or changing, repairing, or extending a drain already established, must be solved by a reference to the statute." *Kilty* v. *Michael* (1921), 190 Ind. 374, 382, 130 N. E. 531, 534. See also *Taylor* v. *Strayer* (1906), 167 Ind. 23, 78 N. E. 236, 119 Am. St. Rep. 469; *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 139, 88 N. E. 502, 504.

The statutory provisions as to what the petition for repair of an existing drain must contain are perfectly clear. Section 27-120, Burns' 1948 Replacement, (Acts 1933, ch. 264, § 20, p. 1168; 1937, ch. 162, § 2, p. 853; 1945, ch. 221, § 16, p. 1021), provides in part:

"(a) The owner or owners of five (5) per cent in acreage of the land affected by and assessed for the construction of any public drain under any law of this state shall have the right to file a petition and *therein allege:*

". . .

"(b) *No petition* filed in conformity with the provisions of paragraph (1) of subsection (a) of this section *shall contemplate the increasing of the tile, the average deepening and widening or the extension more than ten (10) per cent of the original plans and specifications."* (Italics supplied.)

Without reference to the general principles of law concerning the pleading of any statutory causes of action, it is abundantly clear under the plain words of this statute that the burden is upon the petitioners to allege in their petition that the increasing or extension of the drain shall not be more than ten (10) per cent of the original plans and specifications. The Legislature did not intend by this language that the defendants should write the petition for the drain and show that the repair would not exceed the original plans and specifications by ten (10) per cent.

"When an action is based on a statute, the complaint must allege specifically and fully all the facts necessary to bring the case clearly within the provisions of the statute. . . .

". . . It was a rule of pleading at common law that if an exception in a statute appeared in the enacting clause, the declaration must show that the plaintiff, or the action brought, was not within the exception; but where the exception appeared in a subsequent clause or in a proviso, it was not necessary to notice it in the complaint. The rule is the same under the code as at common law. But if the exception is in a proviso or a subsequent clause, and the exception is necessary to constitute the cause of action, it must be set out. The test is, whether the exception is necessary to be alleged to constitute a cause of action. If so, it must be averred, no matter in what part of the statute it occurs." 1 Watson's Works, *Practice and Forms,* p. 294, 295, 296, § 414. See also Lowe's Revision of Works' Indiana Practice, § 13.13; II Gavit, Indiana Pleading and Practice, p. 1714, § 236; *People* v. *Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *Sherfey* v. *Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568; *Thornburg* v. *American*

*Strawboard Co.* (1895), 141 Ind. 443, 40 N. E. 1062, 50 Am. St. Rep. 334; *Lese* v. *St. Joseph Valley Bank* (1924), 81 Ind. App. 517, 142 N. E. 733.

Clause (b) of § 27-120, Burns' 1948 Replacement, is not an exception, nor a proviso in any sense of the terms. It tells the petitioners what they must put in their petition to state a satutory cause of action, and it follows as a necessary result that the burden of proof is upon petitioners to prove these statutory requirements.

The principles involved in this appeal are analogous to those in the statutory cause of action for wrongful death, which did not exist in common law, but was enacted by statute in this state. *Northern Indiana Power Co.* v. *West* (1941), 218 Ind. 321, 32 N. E. 2d 713. In *Hanna, Admr.* v. *Jeffersonville Railroad Co.* (1869), 32 Ind. 113, this court held that the burden was upon the plaintiff to allege that the wrongful death occurred within the two-year period fixed by the statute creating the right, and that, therefore, a complaint which did not allege death within the statutory period was subject to demurrer.

The fact that the sufficiency of the petition was not questioned in the trial court would not relieve the petitioners of the burden of proving their cause of action, which included every essential element thereof. A judicial inquiry in which a proponent neither has to allege nor prove a cause of action is a mere sham proceeding, which deprives the defendant of his property without due process of law. Although the sufficiency of the petition was not tested in the lower court, the failure to do so could not in any event relieve the petitioners of the burden of proof to establish a cause of action under the statute. Although the failure to demur to a complaint waives the sufficiency of the

pleading to state a cause of action, this does not waive proof by the plaintiff to establish his cause of action. *Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 157, 119 N. E. 369, 484; *Keltner* v. *Patton* (1933), 204 Ind. 550, 185 N. E. 270; *Thompson* v. *Divine* (1920), 73 Ind. App. 113, 126 N. E. 683.

The record in this case does not show whether the proposed repair exceeded the original plans and specifications by ten (10) per cent in the size of the tile, or the depth, widening or extension of the drain. This constitutes a failure to prove an essential element of the cause of action, for which the judgment should be reversed.

Gilkison, J. concurring.

NOTE.—Dissenting Opinion reported in 82 N. E. 2d 81.