IN THE MATTER OF THE PETITION ETC. *v.* WISE ET AL.

[No. 29,710. Filed April 28, 1959. Rehearing denied June 4, 1959.]

*Vernon, Hartzog, Barker & Hepler* and *Harry E. Vernon,* of Goshen, for appellants.

*Robert B. Beeson, Mehl & Mehl,* of counsel, both of Goshen, *Charles L. Whistler* and *Baker & Daniels,* of counsel, both of Indianapolis, for appellees.

JACKSON, J.—The appellants filed a petition for the construction of an open drainage ditch in Elkhart County, Indiana, and after notice was given, the peti-

tion was docketed, viewers were appointed and a preliminary report favorable to the petitioners was made. Later the Engineer and Drainage Commissioner filed report on July 16, 1957, and the court fixed August 23, 1957, as the time for hearing on said report and notices were given. Objections were filed to said report by the State of Indiana and others on August 20, 1957. On November 21, 1957, an "Amended Engineers and Drainage Commissioners Report on Gall Ditch in Jackson Township—Elkhart County State of Indiana" was filed. On November 22, 1957, appellees, Wise and others, filed their remonstrances against the amended report. Thereafter on March 25, 1958, the petitioners filed motions to strike out the joint remonstrance, which motions were on said day by the court overruled, whereupon trial was had on the issues, with finding and judgment thereon rendered in favor of the remonstrators on May 5, 1958.

Thereafter, on June 3, 1958, the petitioners filed their motion for a new trial, which motion was on July 1, 1958, overruled and this appeal was perfected.

The assignment of errors contains one specification: "1. The Court erred in overruling appellants' motion for a new trial."

Appellants contend that on August 27, 1957, certain remonstrances were filed to the apportionment that were not pertinent to the issues, and that on the 21st day of November, 1957, the drainage commissioner filed an amended report to which remonstrances were filed on November 22, 1957, which amended report contained no new matters, and that where an amended report is filed, remonstrances thereto are limited to new matters therein contained.

This proceeding was instituted pursuant to Sections 27-101 to 27-117, Burns' 1948 Replacement, which

authorize the establishment and construction of ditches and drains and establish procedure therefor.

The issues here have been narrowed to the timeliness of the remonstrances filed on November 22, 1957, and the alleged error of the trial court in sustaining them.

The pertinent sections of the statute applicable here may be briefly summarized for the purpose of this opinion as follows:

Acts 1945, ch. 221, §4, p. 1021, being §27-104, Burns' 1948 Replacement, provides for the filing of a petition to establish a drainage ditch and prescribes the procedure to be followed.

Acts 1945, ch. 221, §6, p. 1021, being §27-106, Burns' 1948 Replacement, provides that the petitioners are required to give notice to all persons named in the petition and that upon filing the judge shall docket the petition and appoint viewers to act with the county surveyor.

Acts 1945, ch. 221, §7, p. 1021, being §27-107, Burns' 1948 Replacement, provides that any person named in the petition shall have ten days after "docketing" to object or remonstrate (1) to the form of the petition, and (2) as to any reason why the surveyor or viewers might be disqualified.

Acts 1945, ch. 221, §8, p. 1021, being §27-109, Burns' 1948 Replacement, provides that if no remonstrance is filed pursuant to §27-107, *supra*, or Acts 1933, ch. 264, §8, p. 1168, being §27-108, Burns' 1948 Replacement, then the judge, if he deems the petition sufficient, makes an order referring the matter to the surveyor and viewers. If objections, as provided in §27-107, *supra*, are not made within ten days of the date of docketing, the petition is entered on the docket and any question as to the form of the

petition and as to the qualifications of the surveyor and viewers is waived and cannot be raised at subsequent stages in the proceedings. *Hunsucker* v. *Montel*, (1926), 198 Ind. 557, 562, 563, 146 N. E. 110, 154 N. E. 389; *Stroup* v. *Ferguson, Trustee* (1928), 200 Ind. 139, 142, 161 N. E. 628; *Myers* v. *Sell* (1948), 226 Ind. 608, 615, 616, 81 N. E. 2d 846; See: *McKee et al.* v. *Hasler, et al.* (1951), 229 Ind. 437, 98, N. E. 2d 657. The judge in the order referring the matter to the surveyor and viewers must fix a time within which the surveyor and viewers shall meet and make their report.

Such order was entered herein on July 16, 1957.

Acts 1945, ch. 221, §9, p. 1021, being §27-112, Burns' 1948 Replacement, provides that upon filing the report pursuant to §27-109, *supra*, the judge or the court shall fix a date not less than thirty days nor more than forty days from the date of the filing of the report for a hearing on such report, and the attorney representing the petitioners shall notify all interested parties of the date fixed by the court for the final hearing on the report of the surveyor and viewers. This section further provides that all claims for compensation or damages must be filed with the clerk or auditor within such time (not less than thirty nor more than forty days after the filing of the report and as fixed by the court).

Acts 1945, ch. 221, §10, p. 1021, being §27-113, Burns' 1948 Replacement, provides that upon the date fixed pursuant to §27-112, *supra*, the surveyor shall determine all objections made to the apportionment and assessments which were filed pursuant to the foregoing section. All objections must be in writing and verified. This section further provides that at the conclusion of the hearing the surveyor shall report his action on objections to the apportionment and assess-

ment, which have been filed with him, to the court or judge thereof in vacation.

Acts 1945, ch. 221, §11, p. 1021, being §27-114, Burns' 1948 Replacement, provides for the filing of remonstrances with the court against the final decision of the surveyor upon the hearing, as provided in §27-113, *supra,* within ten days from the date on which the surveyor's report is filed pursuant to §27-113, *supra.*

Acts 1945, ch. 221, §13, p. 1021, being §27-116, Burns' 1948 Replacement, provides that if, after hearing by the court on remonstrances filed pursuant to §27-114, *supra,* the report shall be referred back to the surveyor for change or amendment, remonstrances may then be filed to *new matter only.*

The record in this case discloses that on November 21, 1957, the surveyor filed what was denominated "Amended Engineers and Drainage Commissioners Report on Gall Ditch in Jackson Township—Elkhart County State of Indiana"; this report in fact was the surveyor's final report required by §27-113, *supra.* It was not a report on which the court had heard remonstrances and had referred it back to the surveyor for change or amendment as provided by §27-116, *supra,* but was an amended final report by the surveyor under §27-113, *supra.* On the same date the court fixed December 24, 1957, as the date for hearing on said final decision and ordered notice given to all interested parties.

November 22, 1957, the remonstrators filed their remonstrances to the final decision of the surveyor as provided by §27-114, *supra.* The remonstrances, having been filed within the ten days allowed by the statute, were filed in time. The remonstrances, having been filed in time and pursuant to

statute, the finding and judgment of the court below must be affirmed.

Judgment affirmed.

Landis, C. J., Achor, Arterburn, and Bobbitt, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 823.