GIBSON ET AL. *v.* TOWN OF DANVILLE ET AL.

[Nos. 29,935 and 29,942. Filed November 30, 1960.]

*John D. Hughes, Arthur H. Northrup, Gregg, Fillion, Fillenwarth & Hughes,* of counsel, all of Indianapolis, and *Walter H. Linn,* of Crawfordsville, for appellants.

*J. Gordon Gibbs* and *Stevenson, Kendall & Stevenson,* both of Danville, for appellees.

BOBBITT, C. J.—These cases are here on transfer from the Appellate Court under Acts 1901, ch. 247, §15, p. 565, being §4-209, Burns' 1946 Replacement, four judges failing to agree. Because they involve the same parties and subject-matter, and present essentially the same question for our determination, they are here consolidated and so treated in this opinion.

Both actions arose out of a proceeding by the Town Board of Danville, Indiana, for the construction of a local sanitary sewer across lands both within and without the corporate limits of the town, under the provi-

sions of Acts 1905, ch. 129, §157, p. 219, being §48-4601, Burns' 1950 Replacement, and Acts 1909, ch. 93, §1, p. 238, being §48-4602, Burns' 1950 Replacement.

On May 19, 1953, the Town Board of Danville adopted a resolution confirming Declaratory Resolution No. 1-1953, adopted April 25, 1953, for the construction of a local sanitary sewer across certain lands both within and without the corporate limits of the town, and particularly described in the Declaratory Resolution.

On August 20, 1953, pursuant to §48-4602, *supra*, the Town Board of Danville filed a copy of all the proceedings had in the matter of such proposed improvement, including a list of all persons whose property would be affected by the construction of such sewer, in the Hendricks Circuit Court. Such proceedings were duly docketed and the court fixed September 21, 1953, as the date when the same should be heard. Statutory notice of the hearing of such proceedings was duly published on August 27, September 3, and September 10, 1953. On May 5, 1954, hearing was held in the Hendricks Circuit Court, at the conclusion of which the court ordered that the improvement as proposed by the Town Board should be made.

On July 7, 1954, the Town Board of Danville filed in the Hendricks Circuit Court a report of the award of a contract for the construction of the proposed sewer.

On August 3, 1954, the Hendricks Circuit Court, pursuant to §48-4602, *supra*, appointed "three competent, dis-interested persons" as the Board of Assessors to assess benefits and award damages, if any, by reason of the construction of such sewer. Such assessors filed their report with the court on April 13, 1955.

No further action is shown by the record until September 13, 1955, when appellants herein and others not a party to either of these appeals, filed a "Petition

to Reject 'Assessment' filed April 13, 1955 and to Appoint New Assessors." Although such petition attacks only the qualification of the assessors and the legality of their report, its prayer asks for the discharge of the assessors and the appointment of new ones to prepare a revised assessment roll. However, when the petition is viewed *in toto* it must be considered as an attempted appeal from the assessments contained in the report filed on April 13, 1955.

Subsequently, on November 12, 1955, the Town of Danville filed its "Motion to Strike Petitioner's 'Petition to Reject Assessment' " for the reason that it was not filed within the time fixed by statute for appealing from assessments. On January 3, 1956, the Hendricks Circuit Court sustained such motion.

On January 4, 1956, the Town of Danville filed in the Hendricks Circuit Court a "Certification of Completion and Acceptance of Local Sanitary Sewer," together with a petition for an order directing the clerk to make out, in duplicate, an assessment roll and to certify the same to the Clerk-Treasurer of the Town of Danville and to the Treasurer of Hendricks County.

On the same day, January 14, 1956, appellant, William L. Gibson, et al., filed a "Petition for Corrected Assessment Roll," which petition was overruled on April 17, 1956. Also, on the same day, the Hendricks Circuit Court entered an order which, because of its importance, we set out in full as follows:

> "Comes now the Town of Danville, Hendricks County, State of Indiana, by and through J. Gordon Gibbs, Town Attorney, and files their 'Petition For Order Directing The Clerk To Make A True and Corrected Assessment Roll,' as follows, (H. I.), and the court having examined said petition, and being duly advised, and it appearing from an examination of the records of this court that the Board of Assessors having filed, with the Clerk of

this Court, their assessment roll on, to-wit: April 13, 1955, and it further appearing that no remonstrances were filed challenging the correctness of such assessment roll within the time as provided by statute and no appeal remaining undisposed of and it further appearing that said assessment roll has not been changed, modified or altered by any legal proceedings, the court now approves and grants said petition in all things.

"IT IS, THEREFORE, ordered, considered and adjudged that the Clerk of this Court be and she is hereby directed to certify said assessment roll in duplicate, showing the names of the property holders, together with a description of each piece or parcel of property included in, and affected by 'Local Sanitary Sewer Improvement Resolution No. 1-1953,' together with the benefits and damages, if any, assessed, by the assessment board, upon or in favor of such parcels, and certify the same, under the seal of the court, and deliver one copy thereof to the Clerk-Treasurer of the Town of Danville, and one copy to the Treasurer of Hendricks County.

/s/ *"GEORGE W. HADLEY*

"JUDGE"

Subsequently, on May 2, 1956, appellant Gibson, et al., filed what they designated as "(1) Notification to Court of Inaccuracy of Assessment Roll (2) Remonstrance against Assessment (3) Demand for Hearing on Assessments (4) Petition to Vacate Proceedings (5) Motion to Modify Judgment and (6) Motion for a New Trial," together with an application for a change of venue from the county. The motion for a change of venue was granted over the objections of the Town of Danville, and the venue was changed to the Montgomery Circuit Court. The following proceedings in Cause No. 29,942 herein were then had in that court.

On June 18, 1956, the Town of Danville filed its written motion to strike or overrule the multifarious notification, motion and petition, hereinabove mentioned, and

filed in the Hendricks Circuit Court on May 2, 1956, for the reason that appellant, William L. Gibson, et al., having failed to appeal to the Hendricks Circuit Court from the assessors' report within fifteen days from the date on which it was filed, viz., April 13, 1955, all objections thereto were waived and the court had no jurisdiction to entertain any further objections or remonstrance.

On October 3, 1957, the Montgomery Circuit Court overruled such notification, motion and petition filed by appellant, William L. Gibson, et al., in the Hendricks Circuit Court on May 2, 1956.

Subsequently, on October 24, 1957, appellant, William L. Gibson, et al., filed their "Motion to Modify Judgment" requesting a reversal of the court's action in overruling their multifarious pleading filed on May 2, 1956. No ruling on the motion to modify appears in the transcript. However, on December 26, 1957, appellants herein filed praecipe for a transcript of the entire record in Cause No. 29,942 in this court.

We are confronted at the outset with appellees' motion to dismiss or affirm Cause No. 29,942. However, in view of the conclusion we have reached, it seems preferable to determine the matter upon basic considerations. Appellants, *inter alia,* assert error in the overruling of their claimed motion for a new trial.

The only reference to a motion for a new trial, other than in the assignment of errors, which we have been able to find from a careful search of the record as filed in this court is in the title of the multifarious pleading hereinabove set out, and in the prayer thereto which is as follows:

"WHEREFORE, these parties pray (1) that the Court, being hereby notified of the inaccuracy and incompleteness of the assessment roll take such

steps as the Court deems necessary to complete and correct the assessment roll and certify such corrections to the Clerk to be incorporated in the final assessment roll (2) set a date for hearing testimony of witnesses and documentary evidence of the facts alleged in this remonstrance and make a special finding of facts on the allegations herein and conclusions of law based on such findings and such further disposition of this cause as is indicated by such findings of fact and conclusions of law (3) that the Court require hearings to be held prior to or subsequent to the trial of the facts alleged in this remonstrance by the Assessment Board in accordance with the requirements of statute (4) that if upon trial the facts alleged in this pleading are shown to be true or if the Court, without trial, finds certain allegations which go to the validity of these proceedings on the basis of the record herein that the Court vacate the proceedings as void (5) that the judgment of the Court on April 17, 1956, be modified as indicated herein and to meet the obligations stated herein and (6) that the Court grant a new trial on the proceedings in accordance with the errors alleged herein."

This pleading filed on May 2, 1956, is not in the form of a motion for a new trial. It seeks five other forms of relief as is evidenced by the prayer which is set out in full hereinabove.

As will readily be observed only number (6) in the prayer refers to a new trial. However, paragraph number (6) in the body of the pleading purports to be a motion to modify the judgment entered on April 17, 1956.

Appellants have not indicated to us what paragraph of such pleading is to be considered as a motion for a new trial, nor have we been able to find anything which remotely resembles such a motion. Numerical paragraph number (7) of the pleading filed on May 2, 1956, begins: "The parties respectfully request a *trial* of the facts alledged [alleged] in their 'partially assessed

parties' petition for corrected assessment roll' filed herein and their 'petition to reject assessment' filed herein for each of the following reasons: . . ." (Our italics.)

This heading is followed by six alleged reasons why a *trial* should be had on the "Petition for Corrected Assessment Roll" and "Petition to Reject Assessment."

Even the most liberal and charitable construction of the statute[1] does not permit us to consider any part of the multifarious pleading filed by appellant Gibson, et al., in the Hendricks Circuit Court on May 2, 1956, a motion for a new trial.

Since the record does not show a proper motion for a new trial, any question sought to be raised by appellants' assignment of error number two, "The Hendricks Circuit Court erred in overruling Appellants' Motion for New Trial filed herein [Cause No. 29,942] on May 2, 1956" is waived and such assignment presents no question to this court.

Although we will not unnecessarily extend this opinion by setting them out *verbatim*, the matters which might have been included in a proper motion for a new trial are assigned independently and separately as errors. Even if these were proper independent assignments, a question which we need not and do not decide, they pertain to matters which should have been raised in a proper appeal from the assessors' report, timely filed in the Hendricks Circuit Court.

It appears from the record that the report of the Board of Assessors was filed on April 13, 1955, and nothing was filed by appellants until September 13, 1955.

The statute under which this proceeding was brought (§48-4602, *supra*) provides, *inter alia*, "[t]hat appeals

---

1.  Acts 1881 (Spec. Sess.), ch. 38, §420, p. 240, being §2-2401, Burns' 1946 Replacement.

from such assessments may be made to the circuit court within fifteen [15] days from the time such assessment rolls are filed, to be conducted as other appeals."

The law is well-settled in this State that if a remonstrance is not filed within the time fixed by statute it may be stricken out on motion. *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 285, 58 N. E. 148; *Bakelandt* v. *DeBaets* (1947), 224 Ind. 648, 651, 71 N. E. 2d 473; *Petition for Construction of an Open Ditch, etc.* (1959), 239 Ind. 512, 157 N. E. 2d 823, 824; and where the petition or report is not attacked within the time provided in the applicable statute any objection thereto is waived. *Hunsucker* v. *Montel* (1926), 198 Ind. 557, 563, 146 N. E. 110, 154 N. E. 389; *Stroup* v. *Ferguson, Trustee* (1928), 200 Ind. 139, 142, 161 N. E. 628; *Myers* v. *Sell* (1948), 226 Ind. 608, 615, 81 N. E. 2d 846.

Hence, all questions pertaining to the qualifications of the assessors, the legality of their report, and the assessment of damages and benefits which appellants, by their various petitions and motions, have attempted to raise and which were not raised within fifteen days from the filing of the report of the Board of Assessors are waived, and the trial court did not err in striking appellants' Petition to Reject Assessment filed on September 13, 1955, and other petitions and motions mentioned hereinabove and filed subsequent to September 13, 1955.

For the reasons above stated, the judgment in the Montgomery Circuit Court overruling appellants, Gibson, et al., multifarious notification, motion and petition filed in the Hendricks Circuit Court on May 2, 1956, in Cause No. 29,942 herein, must be affirmed.

Cause No. 29,935 arises out of an attempt by appellants herein to file a remonstrance against the assess-

ments made against them for the construction of the sewer which was the subject of the proceedings in the Hendricks Circuit Court and out of which arose the issues in Cause No. 29,942.

On May 17, 1956, appellants filed with the Board of Trustees of the Town of Danville their written "remonstrance against any and all sewer assessments against them or any of them" made under and pursuant to Local Sanitary Sewer Improvement Resolution No. 1-1953, adopted April 25, 1953.

On May 23, 1956, appellants filed in the Hendricks Circuit Court what they designated an "Original Complaint Appealing Assessment" and praying that "the assessment of benefits against them and each of them be wholly removed and reduced to nothing" and if the court deems proper "award of damages." Summons issued and plaintiffs-appellants herein filed their application for change of venue from the county.

The venue was changed to the Montgomery Circuit Court where, on June 23, 1956, the Town of Danville, et al. filed its motion to strike the complaint on the ground that it was an attempt by plaintiffs-appellants to review an assessment made pursuant to §48-4602, *supra,* and concerning which a review had already been attempted and denied in proceedings before the Hendricks Circuit Court which are in issue in Cause No. 29,942 herein, and that having exhausted their remedy under §48-4602, *supra,* they could not then pursue a further remedy in a separate action.

Appellants' right of remonstrance or appeal from assessments for the construction of a sewer both within and without the corporate limits of a town, or city, such as the one here involved, is wholly statutory and governed by the provisions of §48-4602, *supra,* and if they did not follow the procedure

therein prescribed they cannot, after the time has elapsed for filing an appeal under that statute, pursue another remedy.

Appellants here contend that their appeal from the decision of the Town Board is proper and timely because it was filed within twenty days from the decision of the Town Board sustaining the proposed assessments and benefits against those persons affected by the construction of the sewer as provided by Acts 1905, ch. 129, §§128-129, p. 219, being §§48-4608—48-4609, Burns' 1950 Replacement. These sections (§§128-129 of ch. 129, *supra*) pertain only to the construction of a levee and a street in conjunction therewith. Appellants' remedy, if they were aggrieved by the assessments contained in the assessors' report filed in the Hendricks Circuit Court, was provided by the Acts of 1909, ch. 93, §1, p. 238, being §48-4602, *supra*.

Since appellants' property was outside the corporate limits they were required to proceed under §48-4602, *supra*. Therefore, the Montgomery Circuit Court was without jurisdiction to hear their attempted appeal from an action of the Town Board taken on May 7, 1956, and pertaining to the assessment of damages or benefits to such property because of the construction of the local sanitary sewer herein involved; and the trial court did not err in sustaining the Town's motion to dismiss such appeal. Hence, the judgment in Cause No. 29,935 must be affirmed.

Judgment in Cause No. 29,935 and judgment in Cause No. 29,942, are affirmed.

Landis, Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 444.