Lonnie **MISHLER**, et al., Appellants (Plaintiffs Below),

v.

The **COUNTY OF ELKHART**, et al. Appellees (Defendants Below).

No. 50S03–8909–CV–730.

Supreme Court of Indiana.

Sept. 28, 1989.

As Corrected Sept. 29, 1989.

Douglas A. Mulvaney, Stutsman, Leone & Clifford, Elkhart, Lawrence J. Clifford, Stutsman, Leone & Clifford, South Bend, for appellants.

Richard W. Paulen, Elkhart, for appellee Dallas C. Woodward Jr.

R. Gordon Lord, Goshen, for appellees County of Elkhart, Bd. of Com'rs of the County of Elkhart, Hal Doriot, Thomas W. Romberger and John Bentley, Elkhart County Com'rs.

SHEPARD, Chief Justice.

The issue on transfer is whether neighboring landowners may collaterally attack a trial court's decision ordering county commissioners to rezone a parcel of property. The question turns on whether the trial court's judgment was void and open to collateral attack, or merely voidable and susceptible to challenge only by direct appeal.

Dallas Woodward owns a 26–acre parcel of land. In 1976, Woodward sought to rezone the property from residential use to commercial. At the hearings on the application, a group of remonstrators opposed rezoning. They asserted that commercial development would adversely affect the residential area.

The Elkhart County Planning Commission approved the rezoning and forwarded a positive recommendation to the Elkhart County Commissioners. The Commissioners rejected the rezoning and returned the matter to the Planning Commission to review the Commissioners' concerns. The Planning Commission reaffirmed its earlier recommendation, finding that the concerns had been addressed. The Commissioners then voted for a second time to deny Woodward's application to rezone the land.

In 1978, Woodward filed suit in Elkhart Superior Court seeking two forms of relief. He alleged that the county's refusal to rezone his property constituted a taking and asked for money damages. He also sought a declaratory judgment that the refusal violated the fifth and fourteenth amendments to the United States Constitution and article I, sections 21 and 23 of the Indiana Constitution and prayed for just and proper relief. The remonstrators knew about Woodward's suit but did nothing to intervene.

The case was venued from Elkhart Superior Court to LaGrange Circuit Court. After more than five years of litigation, that court ruled that it had "subject matter jurisdiction to consider the allegations." It found that there was a taking[1] and ordered the Elkhart County Commissioners to grant the rezoning.

Fifty-nine days after the LaGrange Circuit Court entered judgment, Lonnie E. Mishler and other neighboring landowners moved to intervene claiming they had an interest in the litigation and were required to be named as parties. They also filed a motion to correct error seeking to set aside the judgment. The LaGrange Circuit Court noted that the landowners had known about the lawsuit but had shown little interest in it. It denied the motion to intervene "because there is no good reason to set aside the judgment and the Court having clearly had jurisdiction to proceed, there being no challenge to same on any competent ground now before the Court." The neighbors did not appeal this ruling.

Instead, the neighbors brought a separate suit in Elkhart Superior Court challenging the jurisdiction of the LaGrange Circuit Court. They named Elkhart County, its Commissioners, and Woodward as defendants. The case was venued to Marshall Circuit Court. Woodward moved to dismiss the action as an impermissible collateral attack. The Marshall Circuit Court granted Woodward's motion, treating it as a motion for summary judgment because it had considered matters outside the pleadings, namely, the records from the prior action in the LaGrange Circuit Court. Trial Rule 12(B), Ind. Rules of Procedure.

This time, the neighbors appealed. They maintained that the decision of the LaGrange Circuit Court was open to collateral attack because it was void. They argued that there were genuine issues of fact precluding summary judgment, that they were deprived of notice in the LaGrange Circuit Court, and that the LaGrange Circuit Court

did not have the jurisdiction to order the Commissioners to rezone the property. Relying on *Bolerjack v. Forsythe* (1984), Ind. App., 461 N.E.2d 1126, *trans. denied,* the Court of Appeals reversed the Marshall Circuit Court's decision. *Mishler v. County of Elkhart* (1988), Ind.App., 521 N.E.2d 693. It held that the LaGrange Circuit Court's judgment was void for lack of jurisdiction to enter an order against the Commissioners and could be collaterally attacked. *Id.* at 698. We grant transfer.

■ For some time, Indiana has adhered to the rule that the judgment of a court "having jurisdiction of the subject matter of the suit and of the person, however irregular, is not void and not impeachable collaterally, unless it may be for fraud." *Horner v. Doe* (1848), 1 Ind. 130, 133. By contrast, a judgment rendered without jurisdiction may be collaterally attacked. *Bliss v. Wilson* (1836), 4 Blackf. 169. To attack collaterally a trial court's judgment, it must be shown that the judgment is *void* rather than merely defective or voidable. *Aramovich v. Doles* (1964), 244 Ind. 658, 195 N.E.2d 481. The purpose of prohibiting collateral attacks is to avoid "endless litigation." *Hermon v. Jobes* (1935), 209 Ind. 196, 202, 198 N.E. 316, 319 (citing *Smith v. Lewis,* 3 Johns. (N.Y.) 157 (1808)).

■ To render a valid judgment, a court must possess two forms of jurisdiction: jurisdiction over the subject matter and jurisdiction over the parties. *See Hogg v. Peterson* (1964), 245 Ind. 515, 198 N.E.2d 767. Jurisdiction over the parties, also called personal jurisdiction, requires appropriate service of process be effected. Subject matter jurisdiction is generally defined as "the power to hear and determine cases of the general class to which the proceedings then before the court belong." *Myers v. Sell* (1948), 226 Ind. 608, 613, 81 N.E.2d 846, 847. Courts of general jurisdiction are presumed to have subject matter jurisdiction. *Young v. Wells* (1884), 97 Ind. 410. There is no such presumption about courts

---

1. It seems likely that this finding was erroneous. *See Young v. City of Franklin* (1986), Ind., 494 N.E.2d 316.

of limited jurisdiction. *Hopper v. Lucas* (1882), 86 Ind. 43, 46.

Indiana courts sometimes describe questions like proper venue as "jurisdiction over the particular case." *See, e.g., In re Chapman* (1984), Ind.App., 466 N.E.2d 777, 779. Imperfections of this kind, however, merely make a judgment voidable through appeal. They do not make it void and subject to collateral attack. As Justice Pivarnik wrote in *Board of Trustees v. City of Ft. Wayne* (1978), 268 Ind. 415, 423, 375 N.E.2d 1112, 1117, "if a tribunal possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction of such particular case."

■ Once a court has acquired subject matter and personal jurisdiction, "the remaining subjects of inquiry [become] the subjects of judicial action, but [are] not questions necessarily incident to the exercise of jurisdiction. Jurisdiction must necessarily exist before such questions can be examined and determined." *Doe v. Smith* (1849), 1 Ind. 451, 457. Even an erroneous judgment is voidable only through direct appeal. *Snelson v. State* (1861), 16 Ind. 29, 32 ("power to decide at all, necessarily carries with it the power to decide wrong as well as right"). The fact that a trial court has erred in exercising its jurisdiction does not mean it lacked jurisdiction. As Justice Arterburn wrote for this Court:

> Far too often there is an inclination in a law suit to attempt to convert a legal issue into one of "jurisdiction" and from that point contend all actions of the court are void, and that the question of jurisdiction may be raised at any time or that the proceedings are subject to collateral attack and are a matter for original writs in this Court.

*J.I. Case & Co. v. Sandefur* (1964), 245 Ind. 213, 217–218, 197 N.E.2d 519, 521.

The LaGrange Circuit Court certainly has jurisdiction over the "general class of proceedings" to which Woodward's suit belonged. *Myers*, 226 Ind. 608, 81 N.E.2d 846. A trial court has subject matter juris-

diction to consider an alleged taking of property as the result of the denial of a rezoning. *City of Anderson v. Associated Furniture & Appliances, Inc.* (1981), 423 N.E.2d 293. This not being a matter of serious contention, the landowners argue instead that the LaGrange Circuit Court did not have authority to order that the County Commission grant the rezoning. This error, they claim, is jurisdictional and renders the court's order subject to collateral attack.

■ Justice Arterburn described Indiana's general rule of administrative law as follows:

> [A] reviewing court may remand a case to the administrative body for further proceedings in conformity with the law as defined by the judgment and decision of the court. Remanding it to the administrative body gives it an opportunity to correct the irregularities in its proceedings as determined by the court. At the same time it avoids the court's encroachment upon its administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so.

*Public Service Commission v. Chicago, Indianapolis & Louisville Ry.* (1956), 235 Ind. 394, 403, 132 N.E.2d 698, 702 (citations omitted). Of course, a court has the power to compel an agency to act in accordance with its legal determination in the event the agency refuses to do so.

In *Town of Homecroft v. Macbeth* (1958), 238 Ind. 57, 148 N.E.2d 563, for example, the town board of zoning appeals argued that a court had no authority to order the granting of a variance. Brief for Appellant at 161–62, *The Town of Homecroft v. Macbeth*. This Court rejected that argument and affirmed the trial court's order. Chief Justice Emmert noted that "it is for the courts to protect ultimately the owner's rights and decide the judicial question presented." *Id.* at 64, 148 N.E.2d at 567. That same principle left this Court to affirm a trial court's order directing a town board to approve a proposed plat in *Knutson v. State ex rel. Seberger* (1959), 239

Ind. 656, 157 N.E.2d 469, 160 N.E.2d 200. Judge Achor wrote that "it cannot be said that the court abused its discretion in ordering the appellants to perform the duty imposed upon them by statute." *Id.* at 664, 157 N.E.2d at 473.[2] We note that a court may compel agency action when unreasonably delayed or unlawfully withheld. Ind. Code § 4–21.5–5–15(2) (Burns 1989 Supp.).

■ While a trial court may compel agency action wrongly withheld, the LaGrange Circuit Court did err by not remanding to the Elkhart County Commissioners after it determined that a taking had occurred. The Commissioners were entitled to decide whether they would compensate the property owner for the taking, grant the rezoning, or appeal the trial court's ruling. Of course, had the Commissioners refused to do any of the three, the court could have ordered action in compliance with its determination. This error, failure to remand, was one the Commissioners could have appealed. They chose not to do so and rezoned the property instead.

■ Similarly, the surrounding landowners were entitled to appeal the LaGrange Circuit Court's denial of their motion to intervene five years after the litigation commenced and two months after it concluded. Their decision not to do so brought the matter to a close. The Marshall Circuit Court was correct in granting summary judgment against them.

The judgment of the Marshall Circuit Court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

**2.** The only apparent contrary case is one in which this Court permitted a collateral attack upon an order of a trial court which violated the separation of powers by ordering a specific relief against a state agency. *State ex rel. Public Service Commission v. Johnson Circuit Court* (1953), 232 Ind. 501, 112 N.E.2d 429. Of course, the separation of powers principle at work in that case does not apply to local governments such as Elkhart County. *Sarlls v. State* (1929), 201 Ind. 88, 166 N.E. 270.